Paula Lynn OLDENBURG, Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A08–0601.

Court of Appeals of Minnesota.

April 7, 2009.

Lawrence Hammerling, Chief Appellate Public Defender, Ngoc Nguyen, Assistant Public Defender, St. Paul, for appellant.

Lori Swanson, Attorney General, St. Paul; and Melanie Ford, St. Louis County Attorney, Jeffrey M. Vlatkovich, Assistant County Attorney, Hibbing, for respondent.

Considered and decided by HALBROOKS, Presiding Judge; ROSS, Judge; and PORITSKY, Judge.*

## OPINION

HALBROOKS, Judge.

Appellant challenges the denial of her petition for postconviction relief, arguing that she should have been allowed to withdraw her guilty plea or have her sentence modified because a five-year conditional-release term was not part of the plea agreement. Because imposition of the conditional-release term did not violate the plea agreement and because appellant had notice of the conditional-release term when she pleaded guilty, we affirm.

## FACTS

Appellant Paula Lynn Oldenburg pleaded guilty to first-degree DWI on July 25, 2003. Appellant entered into a plea agreement with the state; in exchange for her

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

guilty plea, the state agreed to dismiss three remaining counts against her.

Appellant signed a petition to plead guilty, which included the following language:

> I have been told by my attorney and I understand . . . . [t]hat for felony driving while impaired offenses and most sex offenses, a mandatory period of conditional release will follow any executed prison sentence that is imposed. Violating the terms of this conditional release may increase the time I serve in prison. In this case, the period of conditional release is 5 years.

The "5" had been written by hand before appellant signed the petition. At the hearing, appellant acknowledged that she had read and signed the completed petition:

> Appellant's counsel: I'm showing you a [Minn. R.Crim. P.] 15 Petition and I ask if you've seen this prior to coming to court?
>
> Appellant: Yes.
>
> Appellant's counsel: There is information written into this petition other than the signature on the last page and I wrote the other information in. Is that correct?
>
> Appellant: Yeah.
>
> Appellant's counsel: Did you get to read through the petition after I wrote this information in, correct?
>
> Appellant: Yeah.
>
> Appellant's counsel: You can read, write, and understand the English language okay?
>
> Appellant: Yes.
>
> Appellant's counsel: On the last page, is this your signature?
>
> Appellant: Yes.
>
> Appellant's counsel: You signed that about 20 minutes ago?
>
> Appellant: Yes.
>
> Appellant's counsel: You did so after reading through the petition?
>
> Appellant: Yes.
>
> Appellant's counsel: Do you have any questions about the petition or the plea agreement that we placed on the record?
>
> Appellant's counsel: We'll submit the petition.

The statutory five-year conditional-release term was not specifically mentioned at the plea hearing.

The issue of appellant's sentence remained open for argument by counsel and for determination by the district court. The presentence investigation report did not mention the conditional-release term, but the sentencing worksheet noted that a five-year period of conditional release would apply upon execution of appellant's prison sentence. On August 22, 2003, appellant received a stayed prison sentence of 36 months and was placed on probation for five years. There was no mention of the conditional-release term at the sentencing hearing.

Over the next four years, appellant committed several probation violations. On August 3, 2007, appellant waived her right to an attorney and admitted the violations. The district court revoked appellant's stay of execution and executed her 36–month sentence. There was no mention of a five-year conditional-release term at this hearing, and the district court did not impose a conditional-release term at that time. The Department of Corrections subsequently added a five-year conditional-release term to appellant's sentence.

In November 2007, appellant petitioned for postconviction relief, seeking to withdraw her guilty plea or to have her sentence modified. Appellant did not request an evidentiary hearing. The district court denied appellant's petition, finding that ap-

pellant was aware that she would be subjected to the conditional-release provision. The district court also found that appellant's plea was made in exchange for the dismissal of the other counts in the complaint, not because of sentencing considerations. This appeal follows.

## ISSUE

Did the district court properly determine that appellant is not entitled to have her sentence modified or, in the alternative, to withdraw her guilty plea?

## ANALYSIS

A defendant does not have an unbridled right to withdraw her guilty plea. *State v. Rhodes*, 675 N.W.2d 323, 326 (Minn.2004). Withdrawal of a guilty plea is only allowed when the request is timely made and "withdrawal is necessary to correct a manifest injustice." *Id.* (quoting Minn. R.Crim. P. 15.05, subd. 1). "A manifest injustice exists if the plea is not accurate, voluntary and intelligent." *Id.* A plea is intelligent when the defendant "understands the charges, his or her rights under the law, and the consequences of pleading guilty." *Alanis v. State*, 583 N.W.2d 573, 577 (Minn.1998). A plea is voluntary when it is made without "improper pressures or inducements." *Id.* "The accuracy requirement protects the defendant from pleading guilty to a more serious offense than he or she could be properly convicted of at trial." *Id.*

When a defendant is convicted of first-degree DWI, a mandatory five-year conditional-release term is added to any period of incarceration. Minn.Stat. § 169A.276, subd. 1(d) (2002). If the addition of a mandatory conditional-release term after sentencing and without prior notice would exceed the maximum length of an executed sentence set forth in a plea agreement, the addition of the term violates the plea agreement. *Rhodes*, 675 N.W.2d at 326–27.[1] If the plea agreement is violated by the addition of the conditional-release term, two remedies are available: (1) withdrawal of the guilty plea if the state will not be unduly prejudiced or (2) modification of the sentence to conform to the plea agreement. *Wukawitz*, 662 N.W.2d at 526, 528–29. Although what the parties agreed to at the time of the plea agreement is an issue of fact to be resolved by the district court, "[i]ssues involving the interpretation and enforcement of plea agreements ... are issues of law that we review de novo." *Brown*, 606 N.W.2d at 674.

Appellant, citing *James, Wukawitz, Jumping Eagle, Brown*, and *Garcia*, argues that the conditional-release term "was not contemplated by the plea agreement." But appellant overlooks a crucial common feature of those five cases; they all involved plea agreements where the defendant was to receive a sentence of a specified number of months or the state's recommendation of a specific sentence duration. *See James*, 699 N.W.2d at 725

---

1. *Rhodes* is part of a line of cases addressing whether the addition of a conditional-release term violated a plea agreement in the context of criminal sexual conduct. *See James v. State*, 699 N.W.2d 723, 730 (Minn.2005); *State v. Wukawitz*, 662 N.W.2d 517, 519–20 (Minn.2003); *State v. Jumping Eagle*, 620 N.W.2d 42, 43 (Minn.2000); *State v. Brown*, 606 N.W.2d 670, 672–73 (Minn.2000); *State v. Garcia*, 582 N.W.2d 879, 880 (Minn.1998); *State v. Christopherson*, 644 N.W.2d 507, 508 (Minn.App.2002). The statutes imposing the conditional-release period for criminal-sexual-conduct convictions and for felony DWI convictions are almost exactly the same. *Compare* Minn.Stat. § 169A.276, subd. 1(d) (prescribing mandatory penalties for felony DWI), *with* Minn.Stat. § 609.109, subd. 7 (prescribing mandatory penalties for sex offenses) (2002). We therefore apply the reasoning of the criminal-sexual-conduct cases to the context of Minn.Stat. § 169A.276 (2002).

(involving agreement that state would recommend 36 months and ten years of probation); *Wukawitz,* 662 N.W.2d at 520 (involving agreed-upon sentencing cap of 140 months and stating that "the central issue in this case is whether a defendant has an absolute right to withdraw a plea if a conditional release term is later added that exceeds the *agreed-upon sentencing cap*" (emphasis added)); *Jumping Eagle,* 620 N.W.2d at 43 (involving agreement for 172 months); *Brown,* 606 N.W.2d at 672 (involving agreement that defendant would receive one year of incarceration followed by probation, conditioned upon completion of sex-offender treatment; defendant would otherwise receive a "guidelines" sentence); *Garcia,* 582 N.W.2d at 880 (involving agreement for an 81–month sentence).

In *Christopherson,* this court stated that for the addition of a conditional-release term to violate a plea agreement, the latter must contain an agreed-upon sentence length. 644 N.W.2d at 512. *Christopherson* involved a plea agreement under which the defendant was to receive a disposition that did not include prison time. *Id.* at 511. The defendant's sentence was stayed; it was not imposed until after he had repeatedly violated his probation. *Id.* at 508–09. At that time, a conditional-release term was also imposed. *Id.* at 509. This court in *Christopherson* distinguished *Jumping Eagle* and *Garcia,* stating that "[h]ere, . . . at the time of the plea there was no limitation on the amount of prison time [that defendant] would serve." *Id.* at 511–12. This court held that, "as there was no agreement on the duration of any prison term, adding the conditional release did not violate [the] plea agreement." *Id.* at 512.

Here, the plea petition stated that appellant's guilty plea would be in exchange only for the dismissal of the other charges against her. The transcript of the plea hearing also indicates that the parties' agreement did not address the duration of appellant's sentence:

> Prosecutor: Your Honor, I think we have this matter resolved. Ms. Oldenburg will be pleading guilty to the Count 1 Charge of Felony DWI, the state is agreeing to dismiss the remaining counts at time of sentencing, with sentence open to the court and argument by counsel.

> Appellant's counsel: That's correct, your Honor.

> The Court: Ms. Oldenburg, you understand this?

> Appellant: Yes sir.

> The Court: This is what you want to do?

> Appellant: Yes sir.

Because the plea agreement did not prescribe a definite sentence, we conclude that the later addition of the conditional-release term did not violate the plea agreement.

Appellant also argues that she lacked notice of the conditional-release term. But the record clearly supports the district court's determination that appellant "was aware of the fact that she would be subject to the conditional release provision." Appellant admits to signing the plea petition on the day of the hearing; she fails to address how she could have lacked notice of the conditional-release term that was set forth in that petition. Appellant's argument seems to be that the conditional-release term was not specifically mentioned at the plea or sentencing hearings. But *Christopherson* made it clear that mere "failure to mention the possibility of a conditional release at the time of the plea does not invalidate the plea." *Id.* at 511. We therefore conclude that the district court did not err when it found that appel-

lant had notice of the conditional-release term when she pleaded guilty.[2]

## DECISION

Because we conclude that the imposition of the conditional-release term did not violate the plea agreement and that appellant had notice of the conditional-release term when she pleaded guilty, the district court properly determined that appellant is not entitled to withdraw her guilty plea or to have her sentence modified.

**Affirmed.**

---

**2.** We note that Minn. R.Crim. P. 15.01, subd. 1, sets forth a complete inquiry for a district court to perform before accepting a defendant's guilty plea. The inquiry includes whether the defendant understands "[t]hat for felony driving while impaired offenses and most sex offenses, a mandatory period of conditional release will be imposed to follow any executed prison sentence, and violating the terms of that conditional release may increase the time the defendant serves in prison." Minn. R.Crim. P. 15.01, subd. 1(10)(c).