Michael Jon STAUNTON,
petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A12–1971.

Supreme Court of Minnesota.

Jan. 22, 2014.

Michael Jon Staunton, Bayport, MN, pro se.

Lori Swanson, Attorney General, Saint Paul, MN; and Mark S. Rubin, St. Louis County Attorney, Gordon P. Coldagelli, Assistant St. Louis County Attorney, Duluth, MN, for respondent.

## OPINION

DIETZEN, Justice.

Appellant Michael Jon Staunton was found guilty by a St. Louis County jury of several offenses; including first-degree felony murder (kidnapping), in connection with the stabbing death of Darryl Kokochak. The district court entered a judgment of conviction, and sentence was imposed. Staunton filed a direct appeal, which was stayed while he pursued his first petition for postconviction relief. The postconviction court granted Staunton's request to withdraw his petition without prejudice. Six months later, we granted Staunton's motion to dismiss his direct appeal. Staunton subsequently filed a second postconviction petition, which was resolved without a decision on the merits. In response to Staunton's third postconviction petition, the postconviction court held an evidentiary hearing. After considering the evidence presented, the postconviction court denied Staunton's third postconviction petition. We deemed the third petition to be timely under the effective date provision of Minn.Stat. § 590.01, subd. 4 (2012), and then proceeded to consider the merits of the petition.[1] We ultimately affirmed the denial of Staunton's third post-

---

1. When the Legislature enacted Minn.Stat. § 590.01, subd. 4, it described the effective date of the act as follows: "This section is effective August 1, 2005. Any person whose conviction became final before August 1, 2005, shall have two years after the effective date of this act to file a petition for postconviction relief." Act of June 2, 2005, ch. 136, art. 14, § 13, 2005 Minn. Laws 901, 1097–98.

conviction petition. *Staunton v. State (Staunton III)*, 784 N.W.2d 289, 303 (Minn.2010).

In 2012 Staunton, proceeding pro se, filed a fourth postconviction petition, which the postconviction court summarily denied as untimely under Minn.Stat. § 590.01, subd. 4. On appeal from the denial of his fourth petition, Staunton effectively contends that his earlier appeal of the denial of his third postconviction petition was a "direct appeal," and therefore his fourth petition was timely filed under Minn.Stat. § 590.01, subd. 4(a)(2), because the fourth petition was filed within two years of "an appellate court's disposition of the petitioner's direct appeal." *Id.* We conclude that Staunton's reliance on section 590.01, subdivision 4(a)(2), is misplaced because his earlier appeal of his third postconviction petition was not a direct appeal. We therefore affirm the summary denial of Staunton's fourth postconviction petition.

The facts surrounding Darryl Kokochak's murder are set forth in detail in our opinion affirming the denial of Staunton's third postconviction petition. *Staunton III*, 784 N.W.2d at 293–96. We limit our discussion to the facts directly relevant to this appeal. In January 2001, Staunton was found guilty of first-degree premeditated murder, Minn.Stat. § 609.185(a)(1) (2012), and three counts of first-degree felony murder while committing or attempting to commit burglary, kidnapping, and tampering with a witness, in violation of Minn.Stat. §§ 609.185(a)(3) (2012) and 609.05 (2012), for the stabbing death of Kokochak on November 23, 1999. Staunton was sentenced to life without the possibility of release on the first-degree felony murder (kidnapping) conviction.

The procedural history of this case is lengthy and convoluted. In April 2001, Staunton filed a direct appeal that was stayed for consideration of his first petition for postconviction relief. In November 2002, the postconviction court granted Staunton's request to withdraw his petition without prejudice. Six months later, we issued an order granting Staunton's motion to dismiss his direct appeal; our order did not use the phrase "without prejudice." In July 2003, Staunton filed a second postconviction petition, which was resolved without a decision on the merits. In April 2007, Staunton filed a third postconviction petition. After holding an evidentiary hearing, the postconviction court denied the third petition.

On appeal from the denial of his third postconviction petition, Staunton characterized his appeal as "a first review by postconviction proceeding," citing *Deegan v. State*, 711 N.W.2d 89, 95 (Minn.2006).[2] He argued that the scope of his postconviction review was not limited by Minn. Stat. § 590.01 (2012). More specifically, Staunton argued that "[p]ursuant to the Post–Conviction Act, [he] was permitted to commence a proceeding in April 2007 to challenge his 2001 first degree murder conviction" for two reasons. First, "direct appellate relief was not available to him given the date and the dismissal of the appeal he had brought." Second, he filed his petition in accordance with the effective date provision of section 590.01, subdivision 4.

After reviewing the post-trial procedure in this case, we agreed that Staunton had

---

2. In the jurisdictional section of the appellant's brief Staunton filed in connection with his appeal of the denial of his third postconviction petition, he did not cite Minn. R.Crim. P. 29.02, subd. 1(a), which controls direct appeals in first-degree murder cases. Instead, he quoted Minn. R.Crim. P. 29.02, subd. 1(b), which governs postconviction appeals in first-degree murder cases.

timely filed his third postconviction petition. *Staunton III*, 784 N.W.2d at 296. Specifically, the 2005 amendments to section 590.01 provided that any person whose conviction became final before August 1, 2005, had two years after the effective date of the Act to file a petition for postconviction relief (the effective date provision). Act of June 2, 2005, ch. 136, art. 14, §§ 12, 13, 2005 Minn. Laws 901, 1097–98; *see Staunton III*, 784 N.W.2d at 296. We also agreed that Staunton's appeal of the denial of his third postconviction petition was "the first appellate review of his claims," noting that the State had conceded that Staunton was entitled to "full appellate review of his claims." *Staunton III*, 784 N.W.2d at 296. After considering the substantive merits of the claims raised in the third postconviction petition, we affirmed Staunton's conviction on June 30, 2010. *Id.* at 296–303.

Staunton argues that he timely filed his fourth postconviction petition in June 2012.[3] The postconviction court summarily denied the fourth postconviction petition, concluding that it was time barred by Minn.Stat. § 590.01, subd. 4(a), which provides that "[n]o petition for postconviction relief may be filed more than two years after the later of: (1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal."

## I.

On appeal, Staunton characterizes his appeal of the denial of his third postconviction petition as a "direct appeal." Based on that characterization, he argues that his fourth postconviction petition was not time

barred by Minn.Stat. § 590.01, subd. 4, because he filed the petition within two years of our June 30, 2010 decision in *Staunton III*, 784 N.W.2d 289. Staunton also asserts five substantive claims that involve alleged trial errors: (1) the "trial court" erred by failing to rule on Staunton's discovery claims; (2) the "trial court" erred by failing to rule on alleged false testimony by one of the State's witnesses; (3) prosecutorial misconduct·because· the prosecutor failed to disclose eight pieces of exculpatory evidence in violation of Staunton's rights under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); (4) the prosecutor engaged in misconduct by failing to disclose that one of the State's key witnesses had a prior arrest; and (5) ineffective assistance of counsel. The State chose not to file a responsive brief.

■■■ We first consider Staunton's contention that his earlier appeal of the denial of his third postconviction petition was a "direct appeal" within the meaning of Minn.Stat. § 590.01, subd. 4(a)(2). We review a postconviction court's legal conclusions de novo. *Davis v. State,* 784 N.W.2d 387, 390 (Minn.2010). We will not reverse the court's factual findings unless they are clearly erroneous. *See Doppler v.˙State,* 771 N.W.2d 867, 875 (Minn.2009).

■■ A person convicted of a crime who claims that his or her conviction was obtained in violation of the person's constitutional or statutory rights may file a petition for postconviction relief under Minn. Stat. § 590.01, subd. 1(1). The postconviction court must hold an evidentiary hear-

---

3. The record indicates that Staunton filed his fourth petition for postconviction relief with the district court in June 2012, but it was returned by the court due to problems with the form of the pleading. After further correspondence with the court, it was accepted for

filing in September 2012. Because the difference in the date of filing is not determinative of the outcome of the case, we will use the earlier date of June 2012 as the date of filing the petition.

ing "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1 (2012). A postconviction court may summarily deny a petition for postconviction relief when the petition is time barred. *See Riley v. State*, 819 N.W.2d 162, 170–71 (Minn.2012). Section 590.01, subdivision 4(a), provides in relevant part that "[n]o petition for postconviction relief may be filed more than two years after the later of . . . (2) an appellate court's disposition of petitioner's direct appeal." When the Legislature created the two-year statute of limitations (which became effective August 1, 2005), the Legislature enacted an effective date provision that provided a two-year window for defendants whose convictions had become final before August 1, 2005. Act of June 2, 2005, ch. 136, art. 14, § 13, 2005 Minn. Laws 901, 1097–98 (codified at Minn.Stat. § 590.01, subd. 4). In other words, a postconviction petition filed by a defendant whose conviction become final before August 1, 2005, was deemed timely if it was filed within two years of August 1, 2005.

It is undisputed that Staunton's direct appeal was dismissed in May 2003. Because his third petition was filed in accordance with the effective date provision for convictions that became final before August 1, 2005, it is undisputed that the third petition was timely. *Staunton III*, 784 N.W.2d at 296. The fourth petition, however, was not filed until five years later in June 2012 and therefore was untimely under section 590.01, subdivision 4(a)(2). Staunton attempts to avoid this result by characterizing the appeal of the denial of his third postconviction petition as his "direct appeal."

To determine whether Staunton's appeal of the denial of his third petition was a "direct appeal," we must examine the prin-

ciples for obtaining full review of a criminal conviction, and then apply those principles to Staunton's appeal of the denial of his third petition. Generally, there are two procedures for obtaining a full review of a criminal conviction: a direct review and a first review by postconviction proceeding. A defendant may obtain full review of a criminal conviction in a first-degree murder case by filing a direct appeal from a final judgment of conviction pursuant to Minn. R.Crim. P. 29.02, subd. 1(a). The scope of review in a direct appeal allows the court to "review any order or ruling of the district court or any other matter, as the interests of justice may require." Minn. R.Crim. P. 28.02, subd. 11; *see also* Minn. R.Crim. P. 29.03, subd. 4 (incorporating Rule 28.02, subd. 11 by reference). A direct appeal must be filed within 90 days after the final judgment. Minn. R.Crim. P. 29.03, subd. 3(a).

■ The second procedure for obtaining a full review of a criminal conviction is a first review by postconviction proceeding. As we explained in *Deegan v. State*, a "first review by postconviction proceeding" occurs "where a postconviction petitioner did not take a direct appeal from the conviction, but seeks review of a claimed violation of the United States or Minnesota Constitutions or of state law for the first time by a postconviction petition." 711 N.W.2d 89, 94 (Minn.2006) (coining the phrase "first review by postconviction proceeding"). In such a proceeding, "a postconviction petitioner is entitled to raise nearly the same breadth of claims that could have been brought in a direct appeal, so long as the postconviction claims are in compliance with the procedural requirements of the Postconviction Remedy Act [Minn.Stat. ch. 590 (2012) ]." *Deegan*, 711 N.W.2d at 94 (citing *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976)). In the absence of one of the

enumerated statutory exceptions, a first review by postconviction proceeding must be brought within two years of: "(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal."[4]   Minn.Stat. § 590.01, subd. 4(a)(1)–(2).

■ With these procedures in mind, we return to the question of whether Staunton's appeal of the denial of his third postconviction petition was a "direct appeal." To resolve that issue we examine how the court analyzed the issues raised in the appeal.

Staunton consistently argued that his appeal of the denial of his third postconviction petition was a first review by postconviction proceeding, and not a direct appeal. In his appellate brief filed with this court challenging the denial of his third postconviction petition, Staunton repeatedly described the appeal as a first review by postconviction proceeding. That description is consistent with the language of our May 2003 order dismissing Staunton's direct appeal. Our 2003 dismissal order did not contain the phrase "without prejudice" or in any other way suggest that the court intended to set aside Minn. R.Crim. P. 29.03, subd. 3, which requires a defendant to file his or her direct appeal within 90 days after the final judgment.[5]

Additionally, our decision in *Staunton III* supports the conclusion that the appeal was a first review by postconviction proceeding, and not a direct appeal. 784 N.W.2d at 296. Specifically, our analysis of whether the third petition for postconviction relief was timely under the effective date provision to the postconviction statute reflects an implicit conclusion that Staunton's conviction was final before August 1, 2005. *Id.* Moreover, the State's concession in *Staunton III*, 784 N.W.2d at 296, that Staunton was entitled to "full appellate review of his claims" is consistent with our statement in *Deegan* that in a first review by postconviction proceeding, a petitioner is entitled to raise "the same breadth of claims that could have been brought in a direct appeal." 711 N.W.2d at 94. Based on the record in this case, we conclude that Staunton's appeal of the denial of his third postconviction petition was not a direct appeal.

■ Essentially, the premise of Staunton's argument is that a first review by postconviction proceeding is the equivalent of a "disposition of petitioner's direct appeal" under section 590.01, subdivision 4(a)(2). The argument is unavailing. It is well established that the court "will not read into a statute a provision that the legislature has omitted, either purposely or inadvertently." *State v. Tanksley*, 809 N.W.2d 706, 711 (Minn.2012) (citation omitted). Indeed, Staunton's proposed interpretation adds the words "or first review by postconviction proceeding" to section 590.01, subdivision 4(a)(2). The stat-

---

4.  The effective date provision of Minn.Stat. § 590.01, subd. 4, allowed a "person whose conviction became final ... to file a petition for postconviction relief." Act of June 2, 2005, ch. 136, art. 14, § 13, 2005 Minn. Laws 901, 1097–98.

5.  Moreover, federal courts have held that a voluntary dismissal of a direct appeal brings the direct appeal to an end. *See United States v. Outen*, 286 F.3d 622, 631 (2d Cir.2002) (explaining that "withdrawal of an appeal is

an expression of the intent of the parties (principally, of course, the appellant) not to pursue the appeal any further and brings the appeal to an end"); *White v. Klitzkie*, 281 F.3d 920, 923 (9th Cir.2002) (holding that the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA) begins to run on the date a prisoner dismisses his direct appeal because his conviction is then final).

ute does not include such language, and we will not add it. Moreover, the consequence of Staunton's proposed interpretation would be to allow a defendant to indefinitely extend the statute of limitations in section 590.01, subdivision 4(a). Specifically, a defendant could dismiss a direct appeal, and then wait an extended period of time to seek first review by postconviction proceeding, and if an appellate court affirmed his or her conviction in the first review, the defendant could argue, *as Staunton does here*, that he or she has two more years from the appellate court's decision to file an additional petition for postconviction relief. Allowing such a procedure would effectively amend the postconviction statute and substantially undermine the purpose of the postconviction statute of limitations.

We conclude that Minn.Stat. § 590.01, subd. 4(a)(2), allows a defendant to file a petition for postconviction relief within two years of an appellate court's disposition of the petitioner's direct appeal, not the disposition of the petitioner's first review by postconviction proceeding. Staunton's appeal of the denial of his third petition for postconviction relief was a first review by

postconviction proceeding, and not a direct appeal. Consequently, Staunton's argument that his earlier appeal of the denial of his third postconviction petition was a "direct appeal" lacks merit.

## II.

■ Finally, we consider whether the postconviction court erred in summarily denying Staunton's fourth petition for postconviction relief. A defendant whose conviction became final before August 1, 2005, had until July 31, 2007, to file a timely petition for postconviction relief. Act of June 2, 2005, ch. 136, art. 14, § 13, 2005 Minn. Laws 901, 1097–98; *see also Lussier v. State*, 821 N.W.2d 581, 586 (Minn.2012). After July 31, 2007, such a defendant is not entitled to petition for postconviction relief unless the defendant satisfies one of the exceptions in Minn. Stat. § 590.01, subd. 4(b) (2012), and the application of the exception is not barred by Minn.Stat. § 590.01, subd. 4(c) (2012).[6]

Unlike Staunton's third postconviction petition, which was timely filed before July 31, 2007, his fourth petition was not filed until June 2012. Moreover, Staunton's fourth petition fails to satisfy any of the statutory exceptions to the postconviction

---

**6.** Specifically, subdivision 4(b) permits a court to hear an otherwise time-barred petition if:

(1) the petitioner establishes that a physical disability or mental disease precluded a timely assertion of the claim;

(2) the petitioner alleges the existence of newly discovered evidence, including scientific evidence, that could not have been ascertained by the exercise of due diligence by the petitioner or petitioner's attorney within the two-year time period for filing a postconviction petition, and the evidence is not cumulative to evidence presented at trial, is not for impeachment purposes, and establishes by a clear and convincing standard that the petitioner is innocent of the offense or offenses for which the petitioner was convicted;

(3) the petitioner asserts a new interpretation of federal or state constitutional or statutory law by either the United States Supreme Court or a Minnesota appellate court and the petitioner establishes that this interpretation is retroactively applicable to the petitioner's case;

(4) the petition is brought pursuant to subdivision 3 [which governs petitions from persons who were convicted and sentenced for a crime committed before May 1, 1980]; or

(5) the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice.

Minn.Stat. § 590.01, subd. 4(b); *Wallace v. State*, 820 N.W.2d 843, 848–49 (Minn.2012).

statute of limitations.[7] Because the petition, files, and records of the proceeding conclusively show that Staunton's fourth petition is time barred, the postconviction court did not err when it summarily denied the petition. We therefore affirm the summary denial of Staunton's fourth postconviction petition.

Affirmed.

## CONCURRENCE

PAGE, Justice (concurring).

I would affirm the postconviction court's denial of relief. Therefore, I concur in the result. I would reach that result after disposing of Staunton's claims on the merits.

ANDERSON, Justice (concurring).

I join in the concurrence of Justice Page.

LILLEHAUG, Justice (concurring).

I join in the concurrence of Justice Page.

---

7. On April 3, 2013, Staunton filed a Motion for Producing List of Documents and Motion for Oral Argument and For Assistance of Counsel. By order filed April 19, 2013, we denied the motions for oral argument and for assistance of counsel, and deferred consideration of the motion to produce a list of documents. Having carefully considered the motion, we deny it as well. Staunton has failed to establish that the documents requested were not previously disclosed or relevant. In the motion, Staunton simply states "he has yet to receive (the documents) to the best of his knowledge." Our review of the record reveals that the documents are contained in volumes 6, 7, and 8 of the district court file. Moreover, Staunton has failed to identify the relevancy of the documents.