*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0332**

Steven Daniel Waldor, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed December 15, 2014
Affirmed
Schellhas, Judge**

Hennepin County District Court
File No. 27-CR-11-38367

Craig E. Cascarano, Minneapolis, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County
Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Ross, Presiding Judge; Schellhas, Judge; and Smith,
Judge.

**U N P U B L I S H E D   O P I N I O N**

**SCHELLHAS**, Judge

Appellant asserts that the district court erred by denying his postconviction
petition in which he challenged the validity of his guilty plea to first-degree driving while
impaired based on the imposition of a five-year conditional-release term. We affirm.

**FACTS**

Following a traffic stop and appellant Steven Daniel Waldor's arrest, respondent State of Minnesota charged Waldor with one count of first-degree driving while impaired (DWI) in violation of Minn. Stat. §§ 169A.20, subds. 1(5), 3, .24, subds. 1(2), 2 (2010). The criminal complaint states that the penalty for first-degree DWI is "3–7 YEARS AND/OR $4,200–$14,000 PLUS A CONDITIONAL RELEASE TERM."[1]

Waldor retained a private attorney and participated in a pre-plea investigation (PPI). The heading of the PPI report states that the penalty for first-degree DWI is "3–7 years and/or $4,200–$14,000 plus Conditional Release term." And the last full sentence of the PPI report states that "[Waldor] faces a 5-year term of Conditional Release," and "Conditional Release 5 Years" is repeated in bold text just above the signature line.

Waldor negotiated a plea agreement with the state, which the prosecutor described as "40-month commit to prison capped" with an opportunity for Waldor to argue for a more lenient sentence. On the scheduled trial date, Waldor pleaded guilty to first-degree DWI. He affirmed that he reads and writes English, had read the plea petition, had had sufficient time to talk with his attorney, and had signed the plea petition. The plea petition describes the negotiated agreement to include a "cap of 40 months in prison" with leave to "request a lesser sentence" and states, "I understand that for felony [DWI]

---

[1] A person convicted of first-degree DWI and committed to the custody of the commissioner of corrections is subject to a mandatory five-year conditional-release term upon release from prison. Minn. Stat. § 169A.276, subd. 1(d) (2010). During this term, the person must comply with "any conditions of release that the commissioner deems appropriate," and "[i]f the person fails to comply with any condition of release, the commissioner may revoke the person's conditional release and order the person to serve all or part of the remaining portion of the conditional release term in prison." *Id.*

2

offenses and most sex offenses, *a mandatory period of conditional release* will be imposed to follow any executed prison sentence, and violating the terms of that conditional release may increase the time I serve in prison." (Emphasis added.) The district court accepted Waldor's plea and found him guilty of first-degree DWI.

Prior to sentencing, the state filed a "Memorandum of Law in Support of the Court Sentencing [Waldor] to 40 Months' Commit Plus a Five-Year Conditional Release Term." The state's memorandum contains six additional references to conditional release as a consequence of Waldor's plea. Waldor moved for a downward dispositional departure and, in the alternative, for a downward durational departure; his memorandum in support of his motion contains no reference to conditional release. At a contested sentencing hearing, the prosecutor stated that she "ask[ed] defense counsel just to review in addition to the 40-month cap, that there is also a five-year conditional release term that is noticed to [Waldor] in the Complaint, but [she] wanted [Waldor's attorney] to specifically address that on the record." Waldor's attorney then engaged Waldor in the following colloquy:

> DEFENSE COUNSEL: Mr. Waldor, you understand that this is the type of crime wherein if you're sent to prison, when you're released, you have a five-year special parole. Do you understand that?
> WALDOR: Yes.
> DEFENSE COUNSEL: And if you goof up and break your parole, you could be sent back to prison for a long time.
> WALDOR: Yes.
> DEFENSE COUNSEL: You wouldn't be entitled to a jury trial or anything like that. It would be—It would be next to automatic. Do you understand that?
> WALDOR: Yes.

DEFENSE COUNSEL: Nothing further, Your Honor, regarding that issue.

During the hearing, the prosecutor made two additional references to conditional release as a consequence of Waldor's plea. Following testimony from Waldor and arguments from the prosecutor and Waldor's attorney, the district court adjudicated Waldor guilty of first-degree DWI and sentenced him to 40 months in prison, "plus five years of conditional release time." The court asked Waldor whether he had any questions regarding the sentences, and Waldor said no. Moments later, the court reiterated that "[t]here is a five-year conditional release period."

Nearly one year after sentencing, Waldor petitioned for postconviction relief, asserting that he was not adequately informed of the mandatory conditional release at the time of his plea of guilty. Waldor asked the postconviction court to allow him to withdraw his plea of guilty or alternatively modify his sentence so that it does not exceed the agreed-upon upper limit of the plea agreement—40 months. The court denied the petition without an evidentiary hearing. This appeal follows.

**DECISION**

An appellate court reviews the denial of a petition for postconviction relief for abuse of discretion. *Hughes v. State*, 851 N.W.2d 49, 51 (Minn. 2014). The denial of a postconviction petition "will not be reversed unless the postconviction court exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings." *Reed v. State*, 793 N.W.2d 725, 729 (Minn. 2010).

4

"A petitioner seeking postconviction relief bears the 'burden of proof of the facts alleged in the petition . . . to establish the facts by a fair preponderance of the evidence.'" *Clifton v. State*, 830 N.W.2d 434, 437 (Minn. 2013) (quoting Minn. Stat. § 590.04, subd. 3 (2012)). "The postconviction court must hold an evidentiary hearing '[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief.'" *Staunton v. State*, 842 N.W.2d 3, 6–7 (Minn. 2014) (alteration in original) (quoting Minn. Stat. § 590.04, subd. 1 (2012)).

"A defendant does not have an absolute right to withdraw a guilty plea once it is entered . . . ." *State v. Hughes*, 758 N.W.2d 577, 582 (Minn. 2008). Nevertheless, "a court must allow a defendant to withdraw a guilty plea, even after sentencing, if 'withdrawal is necessary to correct a manifest injustice.'" *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007) (quoting Minn. R. Crim. P. 15.05, subd. 1). "A manifest injustice exists where a guilty plea is invalid because it was not accurate, voluntary, and intelligent." *Hughes*, 758 N.W.2d at 582. "The intelligence requirement ensures that a defendant understands the charges against him, the rights he is waiving, and the consequences of his plea." *State v. Raleigh*, 778 N.W.2d 90, 96 (Minn. 2010). "'Consequences' refers to a plea's direct consequences," *id.*, which are consequences that are, inter alia, "definite, immediate and automatic," *Kaiser v. State*, 641 N.W.2d 900, 907 (Minn. 2002). Imposition of a conditional-release term is a direct consequence of a guilty plea "because it affects the maximum amount of prison time [the defendant] may have to serve." *State v. Henthorne*, 637 N.W.2d 852, 856 (Minn. App. 2002), *review denied* (Minn. Mar. 27, 2002). "The voluntariness requirement insures that a guilty plea is not entered because of any

5

improper pressures or inducements." *State v. Brown*, 606 N.W.2d 670, 674 (Minn. 2000) (quotation omitted). "Allowing the government to breach a promise that induced a guilty plea violates due process." *Id.* (quotation omitted). "On demonstration that a plea agreement has been breached, the court may allow withdrawal of the plea . . . or alter the sentence if appropriate." *Id.*

The Minnesota Supreme Court has addressed the validity of guilty pleas in criminal-sexual-conduct cases involving the imposition of mandatory conditional-release terms. *See, e.g.*, *James v. State*, 699 N.W.2d 723, 730 (Minn. 2005) (reasoning that plea agreement was induced by unfulfillable promise because defendant was not made aware of applicable mandatory conditional-release term when he entered his guilty plea or when he was sentenced and concluding therefore that plea agreement was not knowingly and understandingly made and that defendant was entitled to withdraw his plea or have the agreement modified in way that did not violate agreement); *State v. Rhodes*, 675 N.W.2d 323, 325, 327 (Minn. 2004) (reversing holding of court of appeals that defendant's plea was not intelligently entered and sentence must be modified, because postconviction court could infer that defendant understood that conditional-release term would be mandatory addition to plea bargain); *State v. Wukawitz*, 662 N.W.2d 517, 526 (Minn. 2003) (reasoning that defendant's plea was induced by promise of maximum executed sentence and concluding that addition of conditional-release term violated such promise and that due-process considerations mandated that defendant be allowed to withdraw his plea or have his sentence modified).

The statutorily mandated conditional-release term in a criminal-sexual-conduct case is analogous to the statutorily mandated conditional-release term in felony DWI cases, *compare* Minn. Stat. § 609.3455, subds. 6–8 (2010) (criminal sexual conduct), *with* Minn. Stat. § 169A.276, subd. 1(d) (felony DWI), and we therefore apply the supreme court's reasoning to this case involving a felony DWI. *See Oldenburg v. State*, 763 N.W.2d 655, 658 n.1 (Minn. App. 2009) (applying cases involving conditional release for criminal sexual conduct in case involving conditional release for felony DWI).

In *Rhodes*, as in this case, the defendant argued that "his decision to plead guilty was not intelligent because he was not informed about the mandatory [five-year] period of conditional release at the time that he entered his guilty plea." 675 N.W.2d at 327. The supreme court rejected Rhodes's argument, agreeing with the state that "the postconviction court did not abuse its discretion in determining that Rhodes's plea was intelligently made." *Id.* The supreme court noted that, when Rhodes entered his plea and was sentenced, he was "on notice that the conditional release term for sex offenders was mandatory and could not be waived by the district court." *Id.* Moreover, the supreme court stated that "the postconviction court could infer from Rhodes's failure to object to the presentence investigation's recommendation, the state's request at the sentencing hearing and the court's imposition of the sentence, that Rhodes understood from the beginning that the conditional release term would be a mandatory addition to his plea bargain." *Id.*; *cf. James*, 699 N.W.2d at 726, 730 (concluding that defendant was entitled to plea withdrawal or sentence modification where district court failed to inform him about conditional-release term at either plea hearing or sentencing hearing and failed to

7

impose conditional-release term at time of sentencing); *State v. Jumping Eagle*, 620 N.W.2d 42, 43, 45 (Minn. 2000) (concluding that defendant was entitled to plea withdrawal or sentence modification where "mandatory conditional-release term was not mentioned at [defendant]'s sentencing hearing and no such term was [initially] imposed by the court").

In this case, Waldor pleaded guilty nearly a decade after a five-year conditional-release term became a mandatory penalty for felony DWI. *See* 2001 Minn. Laws 1st Spec. Sess. ch. 8, art. 11, §§ 8, 17, at 2115, 2120 (adding Minnesota Statutes section 169A.276 and providing for effective date of August 1, 2002). "[C]itizens are presumed to know the law . . . ." *State v. Calmes*, 632 N.W.2d 641, 648 (Minn. 2001). As in *Rhodes*, Waldor was "on notice that the conditional release term . . . was mandatory and could not be waived by the district court." *See* 675 N.W.2d at 327. Waldor nevertheless argues that his guilty plea was not intelligent and knowing because he was "not entirely aware of the consequences of his plea of guilty and the penalty therein"—i.e., "the actual operation of the conditional release" and its "specifics." He also appears to argue that his guilty plea was not voluntary because the imposition of a five-year conditional-release term was not expressly contemplated by the negotiated plea agreement, although required by statute. Whether framed as an issue of intelligence or voluntariness, Waldor's attacks on the validity of his guilty plea fail for several reasons.

First, Waldor was alerted to the applicability of the conditional-release term before he pleaded guilty. The criminal complaint states that the penalty for first-degree DWI includes a conditional-release term and references Minn. Stat. § 169A.276 (2010), which

8

mandates a five-year conditional-release term following any executed prison sentence for first-degree DWI. Second, the PPI report opens with wording identical to the complaint that the penalty for first-degree DWI includes a conditional-release term, and it closes with two distinct statements that the conditional-release term would be five years long. Third, Waldor admits that the plea petition—which he read and signed—"indicates that there is a mandatory period of conditional release that will follow any executed prison sentence." Waldor is correct that "the plea petition does not indicate the extent or scope of the conditional release," but it does indicate that an undefined "period of conditional release" is "mandatory" and "will be imposed to follow any executed prison sentence." And the length of the conditional-release term is included in the PPI report. Fourth, Waldor never objected to the state's multiple references in its sentencing memorandum to conditional release as a consequence of his plea or to the prosecutor's references to conditional release at the contested sentencing hearing, and he answered his attorney's questions about it at the prosecutor's request. Fifth, even after the district court imposed a sentence that included "five years of conditional release time" and reiterated that "[t]here is a five-year conditional release period," Waldor neither questioned the conditional-release period nor objected to it. "[T]he postconviction court could infer . . . that [Waldor] understood from the beginning that the conditional release term would be a mandatory addition to his plea bargain." *See Rhodes*, 675 N.W.2d at 327.

Although Waldor accurately points out that, at his plea hearing, "there was no mention on the record of a five-year conditional release," we have previously stated "that mere failure to mention the possibility of a conditional release at the time of the plea does

9

not invalidate the plea." *Oldenburg*, 763 N.W.2d at 659 (quotation omitted); *see also State v. Christopherson*, 644 N.W.2d 507, 511 (Minn. App. 2002) (concluding that "the fact that the conditional release was not mentioned to [defendant] at the time the original plea was entered is not, in itself, enough to demonstrate that his plea was not accurate, voluntary, and intelligent"), *review denied* (Minn. July 16, 2002).

"[T]he allegations raised in a petition for postconviction relief must be more than argumentative assertions without factual support." *Greer v. State*, 836 N.W.2d 520, 522 (Minn. 2013) (quotation omitted). In his postconviction petition, Waldor made only argumentative assertions that he was not adequately informed that a guilty plea to first-degree DWI would subject him to a mandatory five-year conditional-release term after any executed prison sentence. Based on the content of the complaint, PPI report, plea petition, and on-the-record record statements of the prosecutor, Waldor's attorney, and the sentencing court, we conclude that Waldor was adequately informed that his guilty plea to first-degree DWI would subject him to a mandatory five-year conditional-release term after any executed prison sentence. The district court therefore did not abuse its discretion by denying Waldor's petition for postconviction relief without an evidentiary hearing.

**Affirmed.**