*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2191**

Fredrick Kemond Jackson, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed August 31, 2015
Affirmed
Rodenberg, Judge**

Hennepin County District Court
File No. 27-CR-04-078840

Fredrick Kemond Jackson, Stillwater, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Lee W. Barry, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Connolly, Presiding Judge; Rodenberg, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

Appellant Fredrick Kemond Jackson argues that the district court erred in denying his petition for postconviction relief without an evidentiary hearing, and also argues that his due process rights were violated, his stipulated-facts trial was invalid, and the district

court's failure to provide an accomplice instruction to the jury at his first trial constitutes reversible error in his second trial to the court on stipulated facts. We affirm.

## FACTS

On June 17, 2005, appellant was convicted of first-degree murder for his participation in a robbery and murder of a store clerk on October 21, 2004. Appellant appealed to the Minnesota Supreme Court, and the supreme court affirmed his conviction. *State v. Jackson*, 726 N.W.2d 454 (Minn. 2007).

Over the next several years, appellant filed several postconviction petitions. On November 28, 2007, he petitioned the court for postconviction relief based on newly discovered evidence, including allegations of perjury, but later withdrew that petition. On January 15, 2009, appellant petitioned the district court for postconviction relief, but the district court denied the petition on May 1, 2009. On June 4, 2009, appellant again petitioned the district court for postconviction relief, and the district court granted appellant an evidentiary hearing by order dated April 1, 2010.

Settlement discussions between appellant and the state resulted in an agreement whereby the district court would vacate appellant's conviction for first-degree murder, the state would amend the charge to aiding and abetting intentional second-degree murder in violation of Minn. Stat. § 609.19, subd. 1 (2004), the amended charge would be tried to the court on stipulated facts, and, if convicted, appellant would be sentenced to 324 months in prison. The district court, which had presided over the original first-degree murder jury trial, "reviewed the transcripts of [appellant's jury] trial several times in considering [appellant]'s post-conviction petition," and issued a written order finding

2

appellant guilty of aiding and abetting intentional second-degree murder, sentencing him to 324 months in prison.

On January 25, 2011, appellant again petitioned the district court for postconviction relief, alleging that newly discovered evidence after his court trial on stipulated facts warranted an evidentiary hearing. The district court denied the petition, and appellant appealed the district court's denial to our court. We dismissed the appeal for procedural deficiencies.

On March 20, 2012, appellant once again petitioned the district court for an evidentiary hearing, and again claimed to have newly discovered evidence. In his petition, appellant asserted that he had a new witness, D.S., whose testimony would prove that a trial witness, K.W., recanted her trial testimony and that another individual, L.K., and not appellant, was involved in the murder. An affidavit from D.S. was attached to the petition. Appellant supplemented his petition with affidavits from R.L. and S.A.-A. These affidavits included claims that another trial witness, D.P., had recanted. Based on the affidavits, and assuming them to be true, the district court granted the request for an evidentiary hearing on December 20, 2012.

After the district court granted the evidentiary hearing, the state investigated the claims made by appellant and the affiants. As a result of this investigation, R.L. withdrew his affidavit and, on November 20, 2013, was charged with perjury and conspiracy to commit perjury. Minneapolis Police Department (MPD) personnel interviewed D.P., who "stated that associates of [appellant] have been contacting her to try to make her sign an affidavit recanting her trial testimony and accusing L.K." D.P.

3

confirmed the accuracy of her trial testimony to MPD personnel. D.S. also provided a new affidavit stating that "[t]he information in the 8/24/11 affidavit that I gave to [appellant] was false" and that the information in the affidavit "was prepared by [appellant] and given to me." D.S. further stated that he "did not witness any planning of the robbery or anything else on the night of the murder." S.A.-A. was charged with four criminal counts related to the affidavit he provided for appellant, and he later pleaded guilty to one count of forgery.

Based on the investigation revealing that the affidavits of D.S., R.L., and S.A.-A. provided in support of appellant's petition to have been false, the state requested that the district court find that appellant abused the legal process, an affirmative defense to appellant's postconviction petition. The state noted that abuse-of-process claims are typically raised in the context of "inexcusable delay in asserting a claim for relief," but argued that appellant's actions "still warrant[] a finding of abuse of process" because appellant fraudulently used the judicial process to reverse his "lawfully obtained conviction."[1]

On October 20, 2014, the district court vacated its December 2012 order granting appellant an evidentiary hearing, stating that appellant's "case has evaporated" and that it was "no longer reasonably certain that any alleged recantations . . . are genuine; indeed

---

[1] The state submitted several memoranda to support its pleading of abuse of process as the investigation into appellant's conduct proceeded. In its second supplemental memorandum, the state observed that appellant was charged with bribery and accomplice after the fact for his participation in a "concerted criminal plan" to assist another individual "to bribe, threaten, or coerce" witnesses to recant for purposes of the other individual's postconviction petition.

4

the [district] court is reasonably certain that there have been no genuine recantations." The district court also concluded that appellant abused the legal process in the postconviction proceedings and that "[i]t is hard to conceive of a more blatant way to manipulate the process improperly to obtain an advantage." The district court determined that the abuse-of-process finding "provides an independent basis for summary dismissal" of appellant's petition.

In its order denying postconviction relief, the district court declined to consider a reply memorandum submitted by appellant, stating that it was not timely filed and "it would not change this result as the Petition has been dismissed for [appellant]'s abuse of process" and stating that appellant's "new motions for discovery and to expand the scope of the hearing once again are moot and therefore denied." The district court closed its order as follows: "This Order and Memorandum are intended to dispose of all outstanding matters related to Petitioner's latest petition for post-conviction relief. Any matters or requests stated by the parties not addressed herein are denied." This appeal followed.

## DECISION

In a pro se brief, appellant raises several arguments on appeal. After careful review of appellant's pro se brief, we discern his legal arguments to be: that the district court erred in denying his most recent petition for postconviction relief; that his due process rights were violated; that his 2010 stipulated-facts trial was invalid; and, that the failure of the district court to instruct the jury concerning accomplice testimony in his first trial resulted in error in his second trial to the court.

5

## I. District court denial of postconviction relief

Appellant challenges the district court's denial and dismissal of his postconviction petition, claiming that newly discovered evidence demonstrating his innocence warrants an evidentiary hearing.

"When reviewing a postconviction court's decision, we examine only whether the postconviction court's findings are supported by sufficient evidence. We will reverse a decision of the postconviction court only if that court abused its discretion." *Lussier v. State*, 821 N.W.2d 581, 588 (Minn. 2012) (quotations and citation omitted). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012) (quotations omitted). We "afford great deference" to the postconviction court's factual findings and review for clear error. *Carlton v. State*, 816 N.W.2d 590, 599 (Minn. 2012) (quotation omitted).

Appellant has the burden to establish the facts alleged in the postconviction petition "by a fair preponderance of the evidence." Minn. Stat. § 590.04, subd. 3 (2014). The district court must grant a hearing "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2014). "A postconviction court is required to hold an evidentiary hearing only when there are disputed material facts that must be resolved to determine the merits of the postconviction claims." *Vance v. State*, 752 N.W.2d 509, 512-13 (Minn. 2008).

In order to obtain relief based on newly discovered evidence, an appellant must show that the evidence (1) was not known to his counsel at the time of trial; (2) could not have been discovered through due diligence; (3) is not cumulative, impeaching, or doubtful; and (4) would probably produce an acquittal or a more favorable result. *Wright v. State*, 765 N.W.2d 85, 93-94 (Minn. 2009).

The district court concluded that appellant submitted "no credible evidence that would have produced a different result in this case." The record supports the district court's determination.

The affidavits appellant submitted to support his petition were definitively discredited. R.L. withdrew his affidavit and was charged with perjury and conspiracy to commit perjury. D.P. confirmed the accuracy of her trial testimony to MPD personnel. D.S. submitted a new affidavit stating that "[t]he information in the 8/24/11 affidavit that I gave to [appellant] was false." S.A.-A. pleaded guilty to forgery. Appellant was also convicted of two counts of forgery relating to his procurement of the affidavits. Because the affidavits appellant submitted were thoroughly discredited, the district court properly determined that the record "conclusively show[s] that [appellant] is entitled to no relief, and no hearing is warranted."[2] Because the affidavits were proved false, and because it

---

[2] Appellant argues on appeal that witnesses were coerced and threatened, and that those witnesses who were in prison were placed in segregation as punishment and to coerce them into plea deals with the state. Appellant does not cite or reference any evidence to support these claims and we find none in the record, and we therefore do not address those arguments. *See State v. Wembley*, 712 N.W.2d 783, 795 (Minn. App. 2006) ("An assignment of error in a brief based on 'mere assertion' and not supported by argument or authority is waived unless prejudicial error is obvious on mere inspection." (quoting *State*

"is reasonably certain that there have been no genuine recantations," the district court's original basis for granting the petition dissolved. The district court did not err in denying this postconviction petition without an evidentiary hearing.

## II. Due process arguments

Appellant argues on appeal that his due process rights were violated when the district court dismissed his petition because the "unexpected withdrawal of the defense witnesses" resulting from the state's "intimidation" and "threats" to appellant's potential witnesses rendered him unable to present his defense. Appellant's claim is without merit.

"No person shall be held to answer for a criminal offense without due process of law." Minn. Const. art. I, § 7. "Due process requires only that every defendant be afforded a meaningful opportunity to present a complete defense." *Carlton*, 816 N.W.2d at 614 (quotation omitted). "Whether due process is required in a particular case is a question of law, which we review de novo." *Carrillo v. Fabian*, 701 N.W.2d 763, 768 (Minn. 2005).

"[T]he United States Constitution does not guarantee a right to an appeal under the Due Process Clause of the Fourteenth Amendment." *Carlton*, 816 N.W.2d at 611; *accord McKane v. Durston*, 153 U.S. 684, 687, 14 S. Ct. 913, 915 (1894). Nor does the United States Constitution require states to provide for postconviction relief. *Pennsylvania v. Finley*, 481 U.S. 551, 556-57, 107 S. Ct. 1990, 1993-94 (1987). Minnesota law provides for postconviction relief by statute. *See* Minn. Stat. § 590.01-.11

---

*v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997))), *aff'd on other grounds*, 728 N.W.2d 243 (Minn. 2007).

8

(2014). *See also Deegan v. State*, 711 N.W.2d 89, 93 (Minn. 2006) (observing that Minnesota's postconviction relief statute "provides broader grounds for relief" than is required by federal constitutional law).

Appellant argues that his due process rights were violated because he was not able to present his chosen witnesses. But appellant has no due process right to present false information to the postconviction court. The record supports the district court's determination that the affidavits were not credible, and appellant has no "due process" right to present discredited and perjured testimony in an attempt to perpetrate a fraud on the court.

### III.    Alleged procedural errors at trial

Appellant challenges on appeal, for the first time, that his 2010 stipulated-facts trial was invalid "because the stipulated evidence included disputed facts." The state argues that appellant is barred from raising this claim for the first time on appeal, more than two years after his conviction.

"No petition for postconviction relief may be filed more than two years after . . . the entry of judgment of conviction." Minn. Stat. § 590.01, subd. 4(a)(1); *see also Carlton*, 816 N.W.2d at 616 (holding statutory time limit on postconviction petitions are reasonable restrictions). Appellate courts "generally will not decide issues which were not raised before the district court, including constitutional questions of criminal procedure." *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996).

After careful review of the record, we agree with the state that appellant raised this argument for the first time on appeal, and more than two years after entry of his

conviction.[3] *See Staunton v. State*, 842 N.W.2d 3, 6-7 (Minn. 2014). His appeal was filed on December 22, 2014, more than two years after his December 22, 2010 conviction after a stipulated-facts trial. Appellant's claim is time-barred by Minn. Stat. § 590.01, subd. 4(a)(1), and we decline to address arguments not raised before and considered by the district court. *See Roby*, 547 N.W.2d at 357.[4]

### IV. Accomplice-testimony instruction

Appellant argues that the district court, in his first trial, erroneously failed to instruct the jury concerning accomplice testimony and that the evidence at his later stipulated-facts trial was insufficient to support a finding of guilt.

The challenged omission of an accomplice-testimony instruction was first raised by appellant in his direct appeal after his first-degree murder conviction. The supreme court concluded that the district court's failure to give an accomplice-instruction to the jury was harmless error. *Jackson*, 726 N.W.2d at 461-62. The evidence at the 2010 stipulated-facts trial was the identical evidence reviewed by the supreme court in the direct appeal from the first-degree murder conviction.

Upon careful review of the record, we conclude that appellant did not properly and timely present this argument to the district court, and it is therefore not properly before

---

[3] We interpret appellant's assertion that the district court concluded that his arguments were *Knaffla*-barred to refer to the district court's previous denial of an earlier postconviction petition filed on January 25, 2011. Appellant did not raise this argument in his present petition. He did raise this in his reply memorandum, but the district court concluded that the memorandum was filed late and it would not be considered.

[4] Even if we were to address appellant's arguments on the merits, the district court reviewed the stipulated evidence in the 2010 court trial, made written findings, found appellant guilty, and sentenced appellant to the 324-month term he negotiated with the state in his settlement discussions.

us. *Roby*, 547 N.W.2d at 357. Appellant's 2012 petition for postconviction relief made passing reference to the issue, but appellant did not brief it or identify how this error in an earlier jury trial prejudiced him in this negotiated court trial after the earlier jury conviction was vacated. Even if we were to address appellant's argument on the merits, the supreme court has already concluded on direct appeal from the earlier jury verdict that any error was harmless, based upon the same evidence used in appellant's stipulated-facts trial.

Similarly, appellant's challenge to the sufficiency of the evidence supporting his conviction fails, as the same evidence was used in his first trial and was previously reviewed by the supreme court and found sufficient. The supreme court concluded that corroborating evidence against appellant was "quite strong" and concluded that this supported a conclusion that the failure to provide an accomplice instruction was harmless error. *Jackson*, 726 N.W.2d at 461-62.

We have fully considered appellant's legal arguments in his pro se brief and conclude they are without merit. The district court did not err in denying appellant postconviction relief.

**Affirmed.**

11