# IN THE COURT OF APPEALS OF IOWA

No. 14-1598
Filed November 9, 2016

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**STEPHEN ROBERT BLOOMER,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Henry W. Latham II, Judge.

The defendant appeals from his sentence for manufacturing a controlled substance (marijuana). **AFFIRMED.**

Lauren M. Phelps, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Stephen Bloomer appeals from his sentence for manufacturing a controlled substance (marijuana), in violation of Iowa Code section 124.401(1)(d) (2013). Bloomer maintains the district court abused its discretion in failing to consider all of the relevant factors on the record and by ordering a sentence that was unduly harsh.

**I. Background Facts and Proceedings.**

Based on a plea agreement he made with the State, in July 2014, Bloomer entered a guilty plea for manufacturing a controlled substance (marijuana). The State then dismissed the charges of conspiracy to commit a non-forcible felony, drug tax stamp violation, and felon in possession of a firearm.

Sentencing was continued until September 2014 to permit the completion of a presentence investigation (PSI) report. The report stated:

> Mr. Bloomer has a lengthy criminal history dating back to 1983, when he would have been 18 years of age. His records include a variety of offenses including several serious traffic charges, a couple of [charges for operating while intoxicated,] and several other alcohol or drug related offenses. Mr. Bloomer is also a convicted sex offender . . . . He was also placed on two years probation in December 2004, after pleading guilty to Manufacture of a Schedule I controlled substance; to wit: Marijuana and Violation of the Drug Tax Stamp Act.

Additionally, in discussing Bloomer's capabilities, the report stated:

> He has a relatively substantial criminal history and I also get the impression that Mr. Bloomer tends to downplay the importance of his criminal behavior and criminal thinking. Mr. Bloomer has been given the benefit of the doubt numerous times by the judiciary and has been placed on supervised and unsupervised probations both. In spite of that, he keeps finding himself at odds with the Criminal Justice System. I honestly feel that Mr. Bloomer does not grasp the severity of his behavior and situation.

The author of the PSI report recommended incarceration for Mr. Bloomer.

At sentencing, the court expressed:

> Mr. Bloomer, I handle all of my sentencings individually, and as that should be. The fact is you have a substantial criminal history. It's noted by the presentence investigation author of the report. And it's due to the substantial criminal history noted in the Presentence Investigation Report, and I adopt the notations by the presentence investigation officer in the reasoning for my sentence, and the fact that it appears to him and it appears to this Court that you tend to downplay the importance of your criminal behavior and thinking. And that you have given—been given the benefit of the doubt numerous times by the judiciary and have been placed on supervised and unsupervised probation, but in spite of all of that, you have continued to be at odds with the criminal justice system and you don't grasp the severity of your behavior in the situation. And you're a man of 49 years old and should know better in what actions are illegal and what actions are legal.

The court sentenced Bloomer to a term of incarceration not to exceed five years. He appeals.

## II. Standard of Review.

We will not reverse the sentence imposed by the district court "absent of an abuse of discretion or some defect in the sentencing procedure." *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

## III. Discussion.

Bloomer maintains the district court abused its discretion in failing to consider all of the relevant factors on the record. He maintains the court's stated reason for the sentence it imposed prevents our review because the statement does not indicate the court's consideration of "the nature of the offense, the attending circumstances and Mr. Bloomer's relatively minor role in the offense."

The sentencing court is charged with considering a number of factors in determining the appropriate sentence. *See* Iowa Code § 907.5. However, the

court is not required to explicitly acknowledge each factor on the record. *See State v. Boltz*, 842 N.W.2d 9, 11 (Iowa Ct. App. 1995) ("[T]he failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered."). Rather, "we review a sentence for an abuse of discretion based on the entire record, and look to see if the reasons articulated by the trial court are sufficient to enable us to determine if an abuse of discretion occurred." *Id.* Here, the court expressly considered Bloomer's criminal history—which included a similar charge involving marijuana, his history of recidivism after receiving "the benefit of the doubt numerous times by the judiciary," his age, and his chances for rehabilitation. Although Bloomer complains the court did not respond to the factors Bloomer claimed as mitigating—that he was growing marijuana in an effort to prolong a sick friend's life and "ever-changing laws" regarding marijuana—the court was not required to do so. *See id.* ("We do not believe . . . [the court] is required to specifically acknowledge each claim of mitigation urged by a defendant."). Here, the record is sufficient to allow us to review the court's exercise of discretion in sentencing Bloomer.

Bloomer also maintains the court abused its discretion in sentencing him to an unduly harsh sentence. First, we note that the sentence is within the statutory limits. *See* Iowa Code §§ 124.401(d) (categorizing manufacturing a controlled substance (marijuana) as a "D" felony), 902.9(1)(e) (stating a class "D" felon "shall be confined for no more than five years"). As such, the sentence "is cloaked with a strong presumption in its favor." *Formaro*, 638 N.W.2d at 724. Bloomer argues his sentence is too harsh because some states have legalized the consumption of marijuana and some academic research has found medicinal

benefit to marijuana. While Bloomer was entitled to, and did, express his argument concerning mitigating factors, the court was not required to show lenity as a result. The statements of Bloomer's attorney made it clear that even if Bloomer believed he was justified in his actions, he knew he was engaging in an illegal action. Additionally, while Bloomer maintains the court should have imposed a reduced sentence because of his "reasonable" choice to help an ailing friend, it is noteworthy that Bloomer was convicted for the same illegal behavior—manufacturing marijuana—in 2004.

The district court considered the proper factors and sentenced Bloomer to a sentence within the statutory limits. We cannot say the district court abused its discretion, and we affirm.

**AFFIRMED.**