STATE of Minnesota, petitioner, Appellant,

v.

Paul Henry BROWN, Respondent.

No. C5–98–1700.

Supreme Court of Minnesota.

Feb. 24, 2000.

Mike Hatch, Minn. Atty. Gen., Susan Gaertner, Ramsey County Atty. Gen., Mark Nathan Lystig, Asst. Ramsey County Atty., St. Paul, for appellant.

John M. Stuart, Minn. State Public Defender, Marie L. Wolf, Asst. State Public Defender, Minneapolis, for respondent.

## OPINION

RUSSELL A. ANDERSON, Justice.

This is an appeal from a district court order denying respondent Paul Henry Brown's motion to withdraw his guilty plea following the correction of his sentence to include a mandatory conditional release term. The court of appeals reversed the order and remanded for further proceedings on the ground that the imposition of the mandatory conditional release term violated the terms of Brown's plea agreement. Concluding that the plea was not made invalid by the corrected sentence, we reverse.

On November 15, 1993, Brown was charged with first-degree criminal sexual conduct in violation of Minn.Stat. § 609.342, subd. 1(a) (1992) for sexual abuse of a foster child. Following extensive plea negotiations, on January 5, 1994, Brown entered a guilty plea to first-degree criminal sexual conduct in violation of Minn.Stat. § 609.342, subd. 1(g) (1998) which includes a sentencing provision that permits a stayed sentence if the district court determines such is in the best interest of either the complainant or the complainant's family unit and if the offender has been accepted by and can respond to a treatment program.

Brown's plea was made pursuant to an agreement that recited three general terms: 1) Brown would receive a sentence of one year of local incarceration followed by probation on the condition that he enter and complete an inpatient sex offender treatment program; 2) if Brown failed to successfully complete the treatment program, a double durational departure sentence under the guidelines would be imposed; and 3) if Brown was not accepted into an inpatient treatment program he would be given a "guidelines" sentence. Except for the reference to one year of local incarceration, the plea agreement did not describe the contingent sentences in terms of months or years.[1] At the time of his guilty plea, Brown indicated his understanding of the agreement:

> If I successfully complete the program, then I would, then I would get the probation. If I don't get into the program, then it would be a normal sentence. If I get in and goof, then it would be double. I do understand.

The written plea petition made no reference to the mandatory conditional release period required of sex offenders as part of an executed prison sentence by Minn.Stat. § 609.346, subd. 5 (1992 & Supp.1993),[2]

---

1. Brown's sentencing worksheet, which was not completed until after Brown had entered his plea, calculated his sentence as a presumptive executed sentence of 86 months under the guidelines.

2. Inmates, like Brown, sentenced to prison for felony sex offenses committed on or after August 1, 1992, are placed on conditional release for 5 or 10 years depending on their prior record of conviction for criminal sexual conduct, minus time served on supervised release, after completing the sentence imposed. *See* Act of Apr. 29, 1992, ch. 571, art. 1, §§ 25, 29, 1992 Minn. Laws 1983, 2002–03 (initially called supervised release); Act of May 20, 1993, ch. 326, art. 9, §§ 6, 9, 1993

and neither the court nor counsel mentioned the mandatory release term.[3]

Prior to sentencing, Brown was evaluated for admission to an inpatient sex offender treatment program. The program's director found Brown to be an acceptable candidate and placed him on the admissions list. At sentencing, Brown sought to withdraw his plea, claiming that he was innocent of the offense. The court denied the motion and, in accordance with the terms of the plea agreement, structured a sentence that provided for a 172–month sentence that was stayed with various conditions.[4] However, when Brown was ultimately denied entry into sex offender treatment because he recanted his admission to the underlying offense, the district court executed the 172–month sentence and denied Brown's new motion to withdraw his plea. In subsequent proceedings, the court denied Brown's requests to withdraw his guilty plea and to grant sentencing relief.

On appeal, the court of appeals concluded that the district court did not abuse its discretion when it refused to allow Brown to withdraw his guilty plea. *See State v. Brown,* 1995 WL 46258, at *1 (Minn.App. Feb.7, 1995), *rev. denied* (Minn. Mar. 29, 1995). The court of appeals held, however, that since the plea agreement required a "guidelines" sentence if Brown was not admitted into an inpatient treatment program, the district court abused its discre-

tion when it ordered the double durational departure sentence of 172 months executed. *See id.* at *2. The court of appeals remanded the matter to the district court with instructions that the guidelines sentence be imposed. *See id.*

Nearly three years later, in February 1998, the Department of Corrections notified the district court that it could not determine if the mandatory conditional release term had been included in Brown's sentence. Following a hearing on May 6, 1998, the district court corrected Brown's sentence to include a five year mandatory conditional release term.

In July 1998, Brown again moved to withdraw his guilty plea, contending that the addition of a conditional release term violated the terms of his original plea agreement. The district court denied the motion, concluding that the corrected sentence did not run counter to the terms of the plea agreement where that agreement contemplated a sentencing range from 25 years of probation to 172 months of incarceration, depending on Brown's participation in treatment. On appeal, the court of appeals reversed by unpublished decision, holding that Brown was entitled to withdraw his plea because the conditional release term violated the plea agreement. *See State v. Brown,* 1999 WL 169397, at *2 (Minn.App. Mar.23, 1999).

As noted, since August 1, 1992, certain criminal sexual conduct convictions involving terms of imprisonment have been sub-

Minn. Laws 1974, 2088–89 (term changed to conditional release); Act of Apr. 6, 1998, ch. 367, art. 6, §§ 7, 16, 1998 Minn. Laws 666, 731, 735, *codified at* Minn.Stat. § 609.109, subd. 7 (1998); *State v. Garcia,* 582 N.W.2d 879 (Minn.1998) (construing conditional release statute); *State v. Humes,* 581 N.W.2d 317 (Minn.1998). An offender may be required to participate in a sex offender treatment program as a condition of release. If the offender violates any of the conditions of release, the district court or the commissioner may require the offender to serve the remaining portion of the release term in prison. *See* Minn.Stat. § 609.109, subd. 7(b) (1998).

3. The guidelines referred to the requirement that an executed sentence for Brown's offense include the conditional release term mandated by Minn.Stat. § 609.346, subd. 5, now codified at Minn.Stat. § 609.109, subd. 7. *See* Minnesota Sentencing Guidelines II.E.05 comment. However, no mention was made of this requirement in the presentence investigation report or in the sentencing worksheet.

4. Execution of the sentence was stayed for 25 years and Brown was placed on probation with conditions that included one year in the workhouse, chemical dependency and inpatient sex offender treatment, no contact with the victim or her brother, and the submission of a DNA sample.

ject to an additional period of conditional release. *See supra* note 2. These terms are mandatory and may not be waived. *See Garcia*, 582 N.W.2d at 881; *Humes*, 581 N.W.2d at 320. It is this mandatory character of these special release terms, however, that calls into question the validity of guilty pleas made without mention of such conditional release terms at the time the pleas are entered.

■ A valid guilty plea "must be accurate, voluntary and intelligent (*i.e.*, knowingly and understandingly made)." *Perkins v. State*, 559 N.W.2d 678, 688 (Minn.1997). The voluntariness requirement insures that a guilty plea is not entered because of any "improper pressures or inducements." *Brown v. State*, 449 N.W.2d 180, 182 (Minn.1989). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). "Allowing the government to breach a promise that induced a guilty plea violates due process." *United States v. Van Thournout*, 100 F.3d 590, 594 (8th Cir.1996) (quoting *Margalli–Olvera v. INS*, 43 F.3d 345, 351 (8th Cir.1994)). On demonstration that a plea agreement has been breached, the court may allow withdrawal of the plea, order specific performance, or alter the sentence if appropriate. *See, e.g., Van Thournout*, 100 F.3d at 594 (citing *Margalli–Olvera v. INS*, 43 F.3d at 354–55); *Correale v. United States*, 479 F.2d 944, 950 (1st Cir.1973); *State v. Trott*, 338 N.W.2d 248, 252 (Minn.1983).

■ A guilty plea cannot be induced by unfulfilled or unfulfillable promises, including a promise of a sentence unauthorized by law. Where a sentence is illegal and therefore invalidly imposed, the volun-

tariness of the plea is drawn into question. *See Chae v. People*, 780 P.2d 481, 485–86 (Colo.1989); *cf. Trott*, 338 N.W.2d at 252 (noting unqualified promise of probation would permit the withdrawal of plea on ground of unfulfilled promise). But a plea agreement calling for an unauthorized sentence cannot be specifically enforced. *See Garcia*, 582 N.W.2d at 881–82.[5]

■ Here, the court of appeals determined that Brown was entitled to withdraw his plea because imposition of the mandatory conditional release term violated an agreement that did not contemplate the additional term. In determining whether a plea agreement was violated, courts look to "what the parties to [the] plea bargain reasonably understood to be the terms of the agreement." *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir.1985) (quoting *United States v. Arnett*, 628 F.2d 1162, 1164 (9th Cir.1979)). What the parties agreed to involves an issue of fact to be resolved by the district court. *See Kochevar v. State*, 281 N.W.2d 680, 687 (Minn.1979). Issues involving the interpretation and enforcement of plea agreements, however, are issues of law that we review de novo. *See Van Thournout*, 100 F.3d at 594 (citing *United States v. Coleman*, 895 F.2d 501, 505 (8th Cir.1990)). "While the government must be held to the promises it made, it will not be bound to those it did not make." *United States v. Fentress*, 792 F.2d 461, 464 (4th Cir. 1986). In arriving at its conclusion that the length of the executed sentence could not be said to have been a part of the inducement or consideration for his plea, the district court concluded that Brown understood the range of his sentence to be between probation and an executed double durational departure sentence. After he was sentenced, Brown rejected the opportunity for probation and inpatient treat-

---

5. In *Garcia*, the state conceded that the defendant, under the circumstances of the case, could withdraw his plea of guilty if conditional release was added to his sentence. *See State v. Garcia*, 1997 WL 644964, at *1 (Minn.

App. Oct.21, 1997) ("The State agrees Garcia should be allowed to reconsider his guilty plea."). Thus, the issue of the right to withdraw a plea of guilty was not squarely presented in *Garcia*.

ment by recanting his admission of guilt during a second interview with the program director of the treatment facility. Prior to this post-sentence second interview, Brown was on the treatment facility's admission list. We are satisfied that the district court's conclusion is amply supported by the record, and that the record demonstrates that it was the promise of an opportunity for probation and rehabilitation, and not the presumptive executed sentence, that induced Brown's plea. We therefore reverse the court of appeals on this issue.

 Although we conclude that the plea agreement did not include an unfulfillable promise related to conditional release, there remains the question of whether Brown had the requisite knowledge of the consequences of the plea. The requirement that a guilty plea be knowingly and understandingly made insures that the defendant understands the charges, the rights being waived and the consequences of the plea. *See Brown*, 449 N.W.2d at 183. As discussed above, Brown understood both when he entered his plea of guilty and at sentencing that he risked an executed double durational departure sentence, in this case a 172–month prison term. In that the corrected sentence, at worst, would lead to an aggregate sentence of less than 172 months,[6] it cannot be said that Brown's plea was unknowing.

We reverse the decision of the court of appeals and reinstate the order of the district court denying relief.

Reversed.

---

6. By the terms of the original plea agreement as it pertained to the 172–month prison term, assuming Brown had earned all good time, he would have been incarcerated for 114 months, 20 days, and then placed on parole for 57 months, 10 days, with no possibility of early discharge. If a five-year conditional release term were to be added to the reduced 86–month sentence that resulted from the prior appeal, even if Brown earned no good time, he would be released after 86 months and would be on parole-type supervision for 60 months. The maximum aggregate period of confinement/supervision under the sentence he now has would be 146 months as opposed to the 172 months initially imposed.