*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1235**

Xavier Jerome Buckhanan, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed February 17, 2015
Affirmed
Hudson, Judge**

Ramsey County District Court
File No. 62-CR-11-2712

Cathryn Middlebrook, Chief Appellate Public Defender, F. Richard Gallo, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Larkin, Presiding Judge; Hudson, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HUDSON**, Judge

In this postconviction appeal, appellant argues that he is entitled to be re-sentenced based on the proper grammatical construction of his plea agreement, which, he alleges,

called for an executed 81-month sentence rather than the concurrent, respective, 60- and 84-month sentences he received for possession of a firearm by an ineligible person and attempted first-degree assault. Because the postconviction court did not err by interpreting the plea agreement consistently with the sentence imposed, and that sentence fell within the presumptive guidelines range, we affirm.

## FACTS

In July 2011, appellant Xavier Jerome Buckhanan pleaded guilty to possession of a firearm by an ineligible person, in violation of Minn. Stat. § 624.713, subd. 1(2) (2010), and attempted first-degree assault, in violation of Minn. Stat. § 609.221, subd. 1 (2010). Appellant signed a plea agreement, which provided that the parties agreed to concurrent sentencing and that "the sentencing guideline range is between 69–96 months with an imposed sentence of 81 months (plus 3 months for 6 or more points pursuant to MN Sentencing Guidelines IIB.113)." At the plea hearing, appellant's counsel recited the terms of the agreement, including that "[t]he parties agree that the sentencing guideline range is between 69 and 96 months with an imposed sentence of 81 months. Plus the three months for having six or more points." Appellant acknowledged that the agreement had been explained to him and that he understood it, and the district court accepted a factual basis for the plea.

A presentence investigation (PSI) stated: "Parties agree that the Sentencing Guidelines Range is between 69 and 96 months, with an imposed sentence of 81 months (plus three months for six or more points pursuant to Minnesota Sentencing Guidelines"). Sentencing worksheets, however, recited the mandatory minimum sentence of 60 months

2

on the firearms offense and the presumptive sentence of 80.5 months on the attempted-assault offense, based on appellant's then criminal-history score of 9.[1]  Each worksheet contained a notation stating "[i]ncludes 3 mo. custody enhancement."  The PSI recommended executed sentences of 60 months on the firearms offense and 81.5 months on the attempted assault offense.

At sentencing in April 2012, the following colloquy occurred:

THE PROSECUTOR:  The presentence investigation is in line with the agreement, which was 81 months plus the three-month custody enhancement, for a total of 84 months. . . .

THE COURT: The three-month enhancement.

THE PROSECUTOR: For being six or more, Your Honor.

THE COURT:  How come that wasn't included?  Was that included in the calculation of probation?  Because they came up with 60 months on Count 2.  81.5 on Count 3.

THE PROSECUTOR: Your Honor, I did check with probation.  They simply used the midpoint of the range.  The ra[n]ge is 69 months to 96 months.

I did double check the plea transcript and had read the portion back to [defense counsel] this morning.  We specifically put on the record that within the range of 69 to 96 we had an agreement for, quote, "an imposed sentence of 81 months, plus the three months for having six or more points."

---

[1] According to the relevant sentencing guidelines, with appellant's six criminal-history points, he would have a presumptive sentence on the first-degree assault offense of 135–189 months.  Minn. Sent. Guidelines IV (2011).  Adding a three-month custody enhancement for six or more criminal-history points would result in a sentence of 138–192 months, with a middle-of-the-box sentence of 161 months.  Based on an attempt, which would halve the sentence, the presumptive sentencing range for appellant's first-degree assault offense would be 69 to 96 months, with a middle-of-the-box sentence of 80.5 months.

So it is an agreement for 84 months, specifically.

THE COURT:  [Defense counsel], that's correct?

DEFENSE COUNSEL:  That is correct.

The prosecutor then stated that "the agreement calls for an executed prison sentence of 84 months concurrent on counts 2 and 3."  Defense counsel stated:

> I would ask the Court to follow the plea agreement. There were some discussions about the three months based on the six points or more.  It was at the time of negotiation difficult to get a straight answer from the prosecutor.  But knowing what they were dealing with in terms of their bosses and things, this is what we arrived at.

The district court then imposed executed concurrent sentences of 60 months on the firearms offense and 84 months on the attempted first-degree assault offense.

In February 2014, by a petition for postconviction relief, appellant sought correction of his sentence to 81 months, arguing that his plea was not voluntary because the parties contemplated a middle-of-the-box sentence and that the confusion in calculating a custody enhancement had resulted in a sentence three months longer than agreed.  The district court summarily denied relief, concluding that appellant had not demonstrated a manifest injustice.  The district court found that the sentence imposed was within the presumptive guidelines range and in accordance with the plea agreement, and no evidence existed that it was unlawful or unauthorized.  This appeal follows.

## D E C I S I O N

This court reviews a district court's denial of postconviction relief to determine whether the district court abused its discretion.  *State v. Rhodes*, 675 N.W.2d 323, 326

4

(Minn. 2004). We review issues of law de novo and findings of fact for sufficiency of the evidence. *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007). A petitioner seeking a postconviction remedy must establish facts that show entitlement to relief by a fair preponderance of the evidence. Minn. Stat. § 590.04, subd. 3 (2014).

Appellant argues that the postconviction court erred by denying his petition to correct his sentence, maintaining that the sentence imposed did not comport with the sentence to which he agreed. The district court's factual findings on the contents of a plea agreement must be upheld unless they are clearly erroneous. *State v. Robledo-Kinney*, 615 N.W.2d 25, 32 (Minn. 2000). "[W]hat the parties agreed to at the time of the plea agreement is an issue of fact to be resolved by the district court." *Oldenburg v. State*, 763 N.W.2d 655, 658 (Minn. App. 2009) (citing *State v. Brown*, 606 N.W.2d 670, 674 (Minn. 2000)). "Issues involving the interpretation and enforcement of plea agreements, however, are issues of law that we review de novo." *Brown*, 606 N.W.2d at 674.

"[P]rinciples of contract law are applied to determine the terms and enforcement of plea agreements." *State v. Spraggins*, 742 N.W.2d 1, 3–4 (Minn. App. 2007). "On demonstration that a plea agreement has been breached, the court may allow withdrawal of the plea . . . or alter the sentence if appropriate." *Brown*, 606 N.W.2d at 674. Appellant does not seek plea withdrawal but requests reduction of his sentence to reflect his understanding of the plea agreement. He bases his argument, in part, on language in the PSI and the sentencing worksheet indicating a middle-of-the-box sentence of 80.5 months for his attempted first-degree assault offense. He maintains that, at the time of

the plea, the parties were unaware that the original calculation of 81 months already included a custody enhancement, and he argues that the proper construction of the plea agreement should reflect a corrected sentence.

The Minnesota Supreme Court has allowed plea withdrawal when a mutual mistake existed as to the defendant's criminal history score, and the plea agreement was based on the mistaken assumption that the presumptive sentence was a stayed sentence. *State v. DeZeler*, 427 N.W.2d 231, 235 (Minn. 1988). But here, assuming that the PSI and worksheet correctly calculated a middle-of-the-box sentence, any mutual mistake was consistent with the unambiguous terms of the plea agreement because that agreement did not specify a middle-of-the-box sentence, but rather a sentence of 84 months.

In considering appellant's postconviction petition, the same district court judge who had accepted appellant's plea and sentenced him found that the record clearly indicated that "an 84-month prison commit was anticipated and agreed to by all parties." As the district court noted, appellant was present when the terms were discussed and had counsel's assistance in filling out the plea-agreement form, which specified an 81-month sentence, "plus 3 months for 6 or more [criminal-history] points." The district court found that, although a sentencing worksheet indicated an 80.5-month guidelines sentence, which included a three-month enhancement, "the parties did not agree to that sentence" and that the sentence pronounced fell within the presumptive guidelines range. *Cf.* Minn. R. Crim. P. 27.03, subd. 9 (stating that the district court may at any time correct a sentence unauthorized by law); *State v. Maurstad*, 733 N.W.2d 141, 147 (Minn. 2007) (holding that a sentence based on an incorrect criminal history score is illegal). Further,

6

the district court found that, at sentencing, it had "specifically inquired of defense counsel if the agreement was for a sentence of 84 months and was told that was correct."

The district court's findings are not clearly erroneous. When a defendant enters a guilty plea based on a plea agreement, the district court "must reject or accept the plea of guilty on the terms of the plea agreement." Minn. R. Crim. P. 15.04, subd. 3(1). The record shows that the parties reached agreement on an 81-month sentence, plus three additional months, for a total of 84 months. It also reflects that appellant was aware of the consequences of his plea. The district court, after inquiring about the length of appellant's sentence, properly approved the agreement as submitted. The postconviction court did not err in interpreting the agreement and concluding that no manifest injustice existed, and it did not abuse its discretion by denying appellant's petition for postconviction relief.

**Affirmed.**