*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0237**

James Darnell Posey, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed September 8, 2015
Affirmed
Hooten, Judge**

Ramsey County District Court
File Nos. 62-CR-13-6209, 62-CR-13-983, 62-DA-FA-14-1295

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, Minnesota (for respondent)

        Considered and decided by Halbrooks, Presiding Judge; Cleary, Chief Judge; and Hooten, Judge.

### UNPUBLISHED OPINION

**HOOTEN**, Judge

        Appellant argues that the postconviction court erred by denying his postconviction petition seeking plea withdrawal or modification of his sentence because the district court

failed to sentence him in accordance with his plea agreements. Because the district court sentenced appellant in accordance with his plea agreements, we affirm.

## FACTS

On February 7, 2013, respondent State of Minnesota charged appellant James Darnell Posey with felony violation of an order for protection (OFP) and domestic assault by strangulation. The complaint alleged that, on February 4, Posey had punched, thrown, and choked the mother of one of his children, in violation of an OFP the victim had previously obtained against him. Posey was arrested on February 5, but later posted a bond and was released as prosecution was pending on these charges.[1] The state then filed another complaint against Posey on August 21, 2013. This second complaint charged Posey with felony domestic assault and domestic assault by strangulation, alleging that Posey had severely assaulted a different female victim at the Dorothy Day Center on August 20.

On August 28, Posey entered into separate plea agreements with the state regarding each case. The plea agreements provided that Posey would plead guilty to the first charge of each complaint—felony violation of an OFP and felony domestic assault— and the state would dismiss both counts of domestic assault by strangulation. The state also agreed that Posey's sentence for the OFP violation be at the "low end of [the] guidelines" and that his sentence for the felony domestic assault offense would be "concurrent [to] and of equal time as" his sentence for the OFP violation.

---

[1] The presentence investigation report (PSI) indicates that Posey was released on February 23, 2013, but then served time in custody in both Ramsey and Washington county jails from March 2013 until early May 2013.

A PSI, conducted for both cases, recommended that Posey *not* be sentenced in accordance with these plea agreements and should instead receive a 30-month executed sentence for the OFP violation offense and a 33-month executed sentence for the felony domestic assault offense. The PSI noted Posey's extensive criminal record, including prior felonies involving violence against women, and that his current offenses involved different female victims, neither of whom was the victim of Posey's past domestic violence offenses. The PSI further indicated that Posey had 111 days of custody credit for the OFP violation offense and 38 days of custody credit for the felony domestic assault offense.

At sentencing, the prosecutor noted that the PSI had incorrectly calculated custody credit and that Posey should actually receive 118 days of custody credit for the OFP violation charge and 45 days of custody credit for the felony domestic assault charge. The district court then asked the prosecutor if it was true that the PSI "didn't accurately reflect the plea agreement, as far as length of sentence." The prosecutor agreed, noting that the plea agreements provided that Posey "would not have additional time on that second count" and that "it would be low end of the box." Posey's counsel indicated to the district court that his client understood this discussion. The district court ultimately dismissed the two counts of domestic assault by strangulation and sentenced Posey to concurrent 26-month executed sentences for the two remaining offenses. The district court noted that 26 months was the low end of the presumptive guidelines range for the OFP violation offense and was a downward departure from the guidelines for the felony domestic assault offense. The district court further ordered that Posey receive 118 days

of custody credit on the OFP violation sentence and 45 days of credit on the felony domestic assault sentence.

On August 27, 2014, Posey filed a postconviction petition asserting that he was entitled to modification of his sentences or withdrawal of his plea because the sentence imposed for his conviction of felony domestic assault violated the terms of his plea agreements. Posey argued that, due to the "unequal" jail credit he received for each of his sentences, he was not given the "equal" sentences promised in his plea agreements. The postconviction court denied his petition, and this appeal followed.

## D E C I S I O N

Posey argues that the postconviction court abused its discretion by denying his postconviction petition because he was not sentenced in accordance with his plea agreements. This court reviews the denial of a postconviction petition for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). We review the postconviction court's findings of fact for clear error and its legal conclusions de novo, and only reverse if the postconviction court's "decision is based on an erroneous view of the law or is against logic and the facts in the record." *Id.* (quotation omitted). We review the interpretation and enforcement of plea agreements de novo, but "[d]etermining what the parties agreed to in a plea bargain is a factual inquiry for the postconviction court to resolve." *James v. State*, 699 N.W.2d 723, 728 (Minn. 2005) (quotation omitted).

A guilty plea must be accurate, voluntary, and intelligent to be constitutionally valid. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). "The voluntariness

4

requirement insures that a guilty plea is not entered because of any improper pressures or inducements." *State v. Brown*, 606 N.W.2d 670, 674 (Minn. 2000) (quotation omitted). "When a guilty plea is induced by unfulfilled or unfulfillable promises, the voluntariness of the plea is drawn into question." *State v. Wukawitz*, 662 N.W.2d 517, 526 (Minn. 2003). Upon demonstration that a plea agreement has been breached, a defendant may be entitled to withdraw his or her plea or have the pronounced sentence modified to conform to the plea agreement. *Brown*, 606 N.W.2d at 674. However, there is no basis for plea withdrawal if the defendant is sentenced in accordance with the plea agreement. *State v. Hamacher*, 511 N.W.2d 458, 460 (Minn. App. 1994).

Posey claims that he did not receive "equal time" for his sentences, as contemplated by the parties in the plea agreements. Posey argues that this inequality exists because the district court applied differing amounts of custody credit to his two sentences: 118 days for the OFP violation offense and 45 days for the felony domestic assault offense, a difference of 73 days. As further support for his argument, he cites to the prosecutor's statement at sentencing that "[t]he agreement was actually that [Posey] . . . would not have additional time on" his conviction of felony domestic assault. The postconviction court rejected these arguments because Posey's "concurrent 26[-]month sentences are in accord with the plea agreement and provide no basis for withdrawal of the pleas of guilt."

Posey's argument is unpersuasive because, as found by the postconviction court, his interpretation of the plea agreements is wholly unsupported by the record. Here, the plea agreements signed by Posey indicated several benefits he would receive as the result

5

of pleading guilty: the dismissal of two separate counts of domestic assault by strangulation, a sentence at the low end of the guidelines range for his OFP violation, and a sentence for felony domestic assault "concurrent [to] and of equal time as" his sentence for the OFP violation. The portion of the sentencing hearing quoted by Posey, in which the prosecutor represented that Posey "would not have additional time" on his felony domestic assault conviction, is consistent with these plea agreements. The plea hearing record makes no mention of any agreement as to custody credit, and Posey did not object to the custody-credit calculations proffered by the prosecutor at sentencing.

The district court's sentences contained all of the benefits promised by the state. The district court dismissed the separate counts of domestic assault by strangulation and sentenced Posey to concurrent 26-month sentences for his convictions. Not only did the district court pronounce a sentence at the low end of the presumptive range under the sentencing guidelines for his OFP violation, the district court then downwardly departed for his felony domestic assault sentence in order to match the two sentences. Posey did not receive "additional time" for his domestic assault sentence; rather, he had *less time removed* as custody credit because the offense occurred six months after his OFP violation. Given the absence of an agreement between the parties that the equality of these sentences would include consideration of the custody credit applicable to each sentence, Posey received what he bargained for when the district court sentenced him to concurrent 26-month sentences for his convictions.

Furthermore, Posey's requested remedy would violate the terms of the plea agreements. Posey argues that his sentences could be corrected by reducing his sentence

6

for his felony domestic assault offense by three months. If the proper remedy for these "unequal" sentences is to reduce his 26-month sentence for felony domestic assault by three months, his sentences would then be facially unequal: 26 months for the OFP violation offense and 23 months for the felony domestic assault offense. Moreover, this would not equalize his sentences even under his proposed interpretation of the plea agreement, as there is only a 73-day difference in custody credit between the two offenses.

To the extent that Posey argues[2] that he should have been awarded additional custody credit for his felony domestic assault sentence in order to equalize the two sentences, his argument must fail. A defendant is entitled to credit for time spent in custody in connection with an offense after

> (1) the [s]tate has completed its investigation in a manner that does not suggest manipulation by the [s]tate, and (2) the [s]tate has probable cause and sufficient evidence to prosecute its case against the defendant with a reasonable likelihood of actually convicting the defendant of the offense for which he is charged.

*State v. Clarkin*, 817 N.W.2d 678, 689 (Minn. 2012). The district court has no discretion in making an award of custody credit; rather, "the court must determine the circumstances of the custody the defendant seeks credit for, and then apply the rules to those circumstances." *State v. Johnson*, 744 N.W.2d 376, 379 (Minn. 2008); *see also* Minn. R. Crim. P. 27.03, subd. 4(B) (providing that the district court at sentencing "must" indicate "the number of days spent in custody in connection with the offense or

_____

[2] Posey asked the postconviction court for an award of additional custody credit for his domestic assault sentence, but does not appear to have continued this request on appeal.

behavioral incident being sentenced" and "must" deduct those days from the term of imprisonment).

Here, as found by the postconviction court, Posey committed felony domestic assault on August 20, 2013, was arrested that same day, was charged two days later, and remained in custody until he was sentenced on October 3, resulting in 45 days of custody credit. Clearly, under the *Clarkin* standard, Posey is not entitled to additional custody credit for any time he spent in custody prior to the commission of this offense, and the district court would have erred by making such an award.

Posey received the sentence he agreed to in his plea agreement. Therefore, there was no basis upon which the postconviction court could have modified his sentence or allowed him to withdraw his plea. We conclude that Posey has failed to show that the postconviction court abused its discretion by denying his postconviction petition.

**Affirmed.**