*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0615**

State of Minnesota,
Respondent,

vs.

Dean Ryan Kline,
Appellant.

**Filed January 19, 2016
Affirmed
Bjorkman, Judge**

Wabasha County District Court
File No. 79-CR-13-1039

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Karen Kelly, Wabasha County Attorney, Wabasha, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Kathryn J. Lockwood, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Worke, Judge; and Larkin, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN**, Judge

Appellant challenges his 23-month sentence, arguing that the state violated the plea agreement by not recommending a downward dispositional departure at sentencing. We affirm.

## FACTS

On November 19, 2013, appellant Dean Ryan Kline was charged with third-degree assault, theft of a motor vehicle, terroristic threats, and felony domestic assault in Wabasha County. On September 8, 2014, Kline pleaded guilty to felony domestic assault. In exchange for Kline's guilty plea, the state dismissed the other three charges and agreed to either remain silent as to sentencing or to recommend a downward dispositional departure if supported by probation. The plea agreement was described in a plea petition, which was read into the record at the plea hearing. The district court accepted Kline's guilty plea and scheduled the sentencing hearing for November 12. The court informed Kline that he must return for sentencing, and that he must remain law-abiding if he wanted "any chance of a downward departure."

On October 9, probation filed a pre-sentence investigation report, which recommended that Kline receive a dispositional departure. Kline failed to appear for the sentencing hearing because he was in custody in Mower County on a new felony charge. The state informed the district court that Kline's probation officer was no longer willing to recommend a dispositional departure. On January 12, 2015, Kline appeared for the rescheduled sentencing hearing. At that hearing, the district court noted that the plea agreement "call[ed] for the state to remain silent." Kline's attorney informed the court that probation no longer supported a departure, and in light of that, Kline and the state jointly recommended an executed sentence of 23 months. The prosecutor acknowledged that she understood the new recommendation and reminded the court that there was an outstanding restitution affidavit. The state made no argument regarding Kline's sentence.

The district court sentenced Kline to a "bottom-of-the-box" 23-month prison sentence. Kline appeals.

## D E C I S I O N

Kline argues that the state violated the plea agreement by declining to recommend a probationary sentence. Determining the terms of a plea agreement is a factual inquiry, but the interpretation and enforcement of plea agreements are issues of law that we review de novo. *State v. Rhodes*, 675 N.W.2d 323, 326 (Minn. 2004); *State v. Jumping Eagle*, 620 N.W.2d 42, 43 (Minn. 2000).

Plea agreements represent bargained-for understandings between the state and defendants, where each party foregoes rights and assumes risks in exchange for certainty regarding the outcome of criminal proceedings. *State v. Meredyk*, 754 N.W.2d 596, 603 (Minn. App. 2008). Contract law principles are relevant to the interpretation of plea agreements. *State v. Spaeth*, 552 N.W.2d 187, 194 (Minn. 1996). In order to determine whether the parties have honored a plea agreement, we first look to what the parties "reasonably understood to be the terms of the agreement." *State v. Brown*, 606 N.W.2d 670, 674 (Minn. 2000) (quotation omitted). Ambiguities in plea agreements are construed in favor of defendants. *In re Ashman*, 608 N.W.2d 853, 858 (Minn. 2000).

When a guilty plea rests on a promise or agreement of the state, such promise must be fulfilled. *Brown*, 606 N.W.2d at 674. The state's breach of the promise violates the defendant's due-process rights. *Id*. Under these circumstances, the district court may allow withdrawal of the plea, order specific performance, or alter the sentence. *Id*.

3

Here, the terms of the plea agreement are unambiguous and unchallenged. Kline agreed to plead guilty to domestic assault in exchange for the state's dismissal of the other charges. The state agreed to either remain silent at sentencing or, if supported by probation, to recommend a downward dispositional departure. The plea agreement was not conditioned on Kline remaining law-abiding or appearing for court. This agreement was memorialized in a plea petition, which Kline affirmed on the record before entering his guilty plea.

Having determined the terms of the parties' plea agreement, we consider whether the state fulfilled its promise. Following the plea hearing, probation conducted its investigation and recommended a stayed sentence. But by the scheduled sentencing date, probation had changed its recommendation, presumably based on Kline's new felony charge.[1] At the rescheduled sentencing hearing on January 12, 2015, the court reminded the state of its agreement to remain silent. Kline's attorney acknowledged that probation no longer recommended a departure, and that the state was willing to jointly recommend a sentence of 23 months. The prosecutor only stated that she understood the new sentencing recommendation and that there was an outstanding restitution affidavit. Notably, Kline does not argue that the prosecutor's input at the sentencing hearing breached the "remain silent" requirement of the plea agreement.

---

[1] Kline argues that the record does not demonstrate that probation changed its recommendation. We disagree. While a probation officer did not file an amended report or testify about the new recommendation, the parties did not dispute this point. And at the January 12 rescheduled sentencing hearing, it was Kline's attorney—not the prosecutor—who informed the district court that probation was no longer willing to support a departure.

4

Because probation did not support a dispositional departure, the state's only obligation under the plea agreement was to remain silent at the sentencing hearing. The prosecutor made no argument regarding Kline's sentence, except that the district court should consider requested restitution. On this record, we conclude that the state did not violate the plea agreement.

**Affirmed.**