*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2123**

State of Minnesota,
Respondent,

vs.

Casey James Pederson,
Appellant.

**Filed April 18, 2016
Affirmed
Connolly, Judge**

Lyon County District Court
File No. 42-CR-14-806

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Richard R. Maes, Lyon County Attorney, Abby J. Wikelius, Assistant County Attorney, Marshall, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Michael W. Kunkel, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Stauber, Presiding Judge; Connolly, Judge; and Reilly, Judge.

UNPUBLISHED OPINION

**CONNOLLY**, Judge

On appeal from his conviction of fifth-degree drug possession and an 18-month prison sentence, appellant argues that because he would not have pleaded guilty if he had known that he was not subject to the career-offender sentencing statute, his plea was improperly induced by the illusory threat of receiving an aggravated career-offender sentence, and he should be allowed to withdraw his plea. We affirm.

**FACTS**

On August 16, 2014, appellant Casey James Pederson fled on foot from a police officer attempting to execute a valid arrest warrant. While running, appellant dropped a backpack he was carrying on the ground. Appellant evaded arrest for a short time but was eventually discovered in a friend's apartment and placed under arrest. The officer searched the backpack appellant had abandoned and discovered appellant's driver's license, a small baggie with methamphetamine, two syringes, a spoon with burn marks, an empty pen case with white residue inside, a copper pipe with what appeared to be burnt marijuana inside, and some cash. Appellant was charged with: (1) fifth-degree controlled substance possession; (2) fleeing a peace officer; (3) obstructing legal process; and (4) possession of a hypodermic needle.

On September 12, 2014, the state filed a notice of intent to seek an aggravated sentencing departure on the grounds that appellant qualified for career-offender sentencing pursuant to Minn. Stat. § 609.1095, subd. 4 (2014), based on the following five previous felonies: (1) fleeing a police officer on October 5, 2004; (2) burglary 2nd degree, October 7,

2

2005; (3) aggravated robbery, March 2, 2009; (4) terroristic threats, March 2, 2009; and (5) burglary 3rd degree, February 8, 2011.

On September 16, 2014, appellant pleaded guilty to one count fifth-degree drug possession in exchange for the dismissal of the remaining charges and for a presumptive prison sentence of 18 months. At the plea hearing, appellant stated that (1) he had enough time to talk to his attorney about the charges; (2) he believed his attorney had been fully informed of all the facts; (3) no one had "threatened [him] or pressured [him] in order to get [him] to plead guilty"; and (4) he was not making any claim maintaining his innocence but pleading guilty. The notice of intent to pursue career-offender sentencing was not referenced on the record at the plea hearing nor were any motions objecting to the notice of intent filed.

After staying his direct appeal from the district court judgment, appellant filed a petition for postconviction relief, arguing that his guilty plea was improperly induced by the state's notice to seek career-offender sentencing. It is undisputed that the notice was deficient in establishing that the appellant could be sentenced as a career offender because the notice did not contain five prior sequential felony convictions, as required under the statute.[1]

---

[1] Under the statutory framework "prior conviction" is defined as "a conviction that occurred before the offender committed the next felony resulting in a conviction before the offense for which the offender is being sentenced under this section." Minn. Stat. § 609.1095, subd. 1(c) (2014). Thus, because appellant was convicted of multiple felony offenses in a single proceeding, aggravated robbery and terroristic threats on March 2, 2009, only one of them may be considered a "prior felony conviction" for purposes of career-offender sentencing. Consequently, at the time appellant was being prosecuted for the current offense, he had only four prior felony convictions.

At a postconviction relief hearing on May 7, 2015, appellant testified that the only reason he had pleaded guilty was to avoid the aggravated sentence the state indicated it was seeking based on his alleged career-offender status. On August 26, 2015, the district court issued an order denying appellant's request for plea withdrawal finding that appellant's testimony at the postconviction hearing was not credible and that the state's notice of its intent to seek an aggravated sentence was not an inducement for his plea.

## D E C I S I O N

"When a defendant initially files a direct appeal and then moves for a stay to pursue postconviction relief, we review the postconviction court's decisions using the same standard that we apply on direct appeal." *State v. Beecroft*, 813 N.W.2d 814, 836 (Minn. 2012); *State v. Petersen*, 799 N.W.2d 653, 657 (Minn. App. 2011), *review denied* (Minn. Sept. 28, 2011).

> We review legal issues de novo, but on factual issues our review is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings. We will not reverse an order unless the postconviction court exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings.

*Matakis v. State*, 862 N.W.2d 33, 36 (Minn. 2015) (citations omitted). This court reviews de novo the validity of a guilty plea. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). "A defendant does not have an absolute right to withdraw a valid guilty plea." *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). After sentencing, a defendant may withdraw a guilty plea only by establishing that withdrawal is necessary "to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1; *Theis*, 742 N.W.2d at 646. A manifest

4

injustice is shown when a guilty plea is not valid. *Theis*, 742 N.W.2d at 646. A valid guilty plea "must be accurate, voluntary and intelligent (i.e., knowingly and understandingly made)." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994).

Appellant argues that the state's notice of intent to seek an aggravated sentencing departure based on an erroneous allegation that he was a "career offender" with five prior felony convictions rendered his guilty plea involuntary. "The voluntariness requirement insures that a guilty plea is not entered because of any improper pressures or inducements." *State v. Brown*, 606 N.W.2d 670, 674 (Minn. 2000). To support this contention, appellant cites to *Hirt v. State*, 214 N.W.2d 778 (Minn. 1974), and *State v. Alanis*, 583 N.W.2d 573 (Minn. 1998), neither of which support appellant's position.[2]

*Hirt* involved a defendant who pleaded guilty and then sought postconviction relief alleging that his plea was not freely and voluntarily made. *Hirt v. State*, 214 N.W.2d at 779. Hirt alleged that he told his attorney of his fear of being charged as a career offender but was advised not to worry. Hirt also signed a petition that stated "no officer or agent of any branch of government . . . has made any promise or suggestion of any kind to me . . . that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead 'GUILTY'." *Id.* at 780. The Minnesota Supreme Court affirmed the postconviction court's finding that the plea was not freely and voluntarily given because

---

[2] *Alanis* is unpersuasive for two reasons. First, *Alanis* was effectively overruled by *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010) (holding that an attorney provides ineffective assistance of counsel by failing to advise a defendant that a plea of guilty would make him subject to automatic deportation). Additionally, *Alanis* concerned a collateral consequence of a plea, while this case concerns appellant's sentence, which is a direct consequence of his plea.

they "[were] not left with the firm conviction that a mistake has been made."[3]  *Id.* at 782.

But, in so ruling, the court stated:

> Notwithstanding defendant's lack of candor, that he had the burden of proof, and that his testimony at the postconviction hearing was inconsistent with: (1) the statements in the petition to plead guilty, (2) his sworn testimony at the arraignment that his plea was voluntary and not induced by any threats or promises, and (3) his initial reasons give[n] for pleading guilty, the postconviction court found that defendant's plea was not freely and voluntarily given but was induced by threats.

*Id.* Despite its refusal to reverse the postconviction court's decision that the plea was involuntarily made, the supreme court granted the state's motion to remand the case for rehearing.  The reason for the rehearing was to allow the state to refute Hirt's testimony with a witness the state failed to call to testify at the postconviction hearing because the state did not believe that the postconviction court would credit Hirt's testimony given that his testimony at the postconviction proceeding conflicted with his previous testimony under oath.  *Id.* at 782-83.

While on the surface *Hirt* might appear to stand for the proposition that a guilty plea can be withdrawn under the manifest-injustice standard if the appellant claims in a postconviction hearing that his guilty plea was based on fear of being charged in a manner not permitted by law, we conclude that was not the intent of our supreme court.  The court was bound by the findings of credibility of the postconviction court, stating that it could

---

[3] Unlike *Hirt*, in this case the postconviction court found that the testimony was not credible.  Still, as in *Hirt* in order to overturn the postconviction court's decision, this court must be "left with the firm conviction that a mistake has been made." *Id.* at 782.

overturn the postconviction court only if it was "left with the firm conviction that a mistake has been made." *Id.* at 782.

The factual background of this case is similar to *Hirt*. At the guilty plea hearing, appellant (1) pleaded guilty to the charge of possession of controlled substances, (2) testified that his plea was voluntary and not induced by any threats or promises, and (3) gave the reasons for pleading guilty "I just want to go to prison . . . . I want to get out of county jail." Additionally, the judge verbally outlined his understanding of the plea agreement on the record:

> The plea petition contemplates that [appellant] will be entering a plea of guilty to the—to Count One of the complaint, Controlled Substance Crime in the Fifth Degree. The remaining counts of the complaint would be dismissed. That the defendant would be committed to the Commissioner of Corrections for eighteen months . . . with the appropriate credits, and to pay a $100 fine plus surcharges and fees, and that all of the other charges would be dismissed.

Nowhere in the record, prior to sentencing, is any mention of a desire to avoid the aggravated career sentencing as part of the plea bargain. Like in *Hirt,* appellant contradicts himself by alleging at the postconviction hearing and in a self-serving affidavit that "the only reason that [he pleaded] guilty is to avoid the aggravated sentence" and that he "decided to plead guilty to avoid the risk of receiving the statutory maximum sentence of five years in prison if [he] were to be found guilty at trial." However, unlike *Hirt* the district court found that his testimony at the postconviction hearing was not credible as it contradicted previous testimony under oath and refused to allow appellant to withdraw his guilty plea.

7

Appellant's arguments that the postconviction court's determination of appellant's lack of credibility is clearly erroneous are unpersuasive. Appellant first argues that his stated motivation at the plea hearing to get out of county jail should not have been relied on by the postconviction court because "it is reasonable that [appellant] did not want to delay the inevitable by waiting for a presentence investigation report that would almost certainly recommend that the court impose the guidelines sentence called for in the plea agreement." A possible reasonable alternative does not satisfy the clearly erroneous standard, especially when no evidence of the proffered alternative can be found in the record.

Second, appellant argues that his indication that no one had pressured or threatened him to plead guilty at the plea hearing does not conflict with his testimony at the postconviction evidentiary hearing. But at the postconviction hearing, appellant argued that the state, by giving him a notice of intent to pursue aggravated career sentencing, pressured him to make a guilty plea. Appellant's argument that "it is not clear" he would have perceived the notice of intent to pursue the career-offender sentencing from the state as a pressure or threat when questioned at the plea hearing is unpersuasive. Appellant points to no facts in the record indicating that appellant did perceive the notice of intent as a "threat" or "pressure." Merely saying that "it is not clear" if he would have perceived the notice of intent as a threat or pressure is not sufficient to show that the postconviction court's determination of credibility was clearly erroneous.

Moreover, the possibility of aggravated career sentencing is not a threat or pressure but simply part and parcel of the calculation that every defendant goes through in deciding

to accept a plea offer. Appellant, as all defendants must in considering a guilty plea, was required to weigh the likelihood of a conviction and the potential of aggravated sentencing against the possibility of acquittal at trial. With the aid of an attorney, appellant made the decision to accept the plea rather than take his chances at trial, without any discussion on the record of the state's notice of intent to pursue aggravated career sentencing.

Finally, appellant argues that his failure to make an indication during the plea hearing of his decision to plead guilty specifically to avoid career-offender sentencing is of no consequence. We disagree. Appellant gave a reason for his guilty plea at the plea hearing, to get out of county jail and go to prison. He then changed his reason, claiming that he entered a plea of guilty to avoid the aggravated sentence. Had he indicated at the plea hearing that his decision was, at least in part, based on his desire to avoid career-offender sentencing, his testimony at the postconviction hearing would have supported a finding of credibility. As it is, appellant's given reason for pleading guilty at the postconviction hearing contradicts his testimony at the plea hearing and goes against a finding of credibility.

Because the postconviction court's determination of appellant's credibility was not clearly erroneous, and supports the conclusion that the appellant's guilty plea was made voluntarily, we affirm the postconviction court's denial of appellant's motion to withdraw his guilty plea.

**Affirmed.**