*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0182**

State of Minnesota,
Respondent,

vs.

Ricardo Kletschka,
Appellant.

**Filed July 25, 2016
Affirmed
Johnson, Judge**

Steele County District Court
File No. 74-CR-14-1071

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Daniel A. McIntosh, Steele County Attorney, Owatonna, Minnesota (for respondent)

Terry A. Watkins, Watkins Law Office, LLC, Faribault, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Ross, Judge; and Stauber, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

Ricardo Kletschka pleaded guilty to second-degree assault with a dangerous weapon pursuant to a plea agreement. The district court imposed a sentence of 60 months of imprisonment, which is the statutory mandatory-minimum sentence in light of the fact that,

in 1986, Kletschka was convicted of second-degree assault while using a firearm. We conclude that the state did not breach the parties' plea agreement and that Kletschka's prior conviction is a qualifying prior conviction that gives rise to a statutory mandatory-minimum sentence of 60 months. Therefore, we affirm.

## FACTS

One evening in May 2014, Kletschka was drinking at his home with his daughter, E.K., and his son-in-law, C.K. Kletschka was intoxicated. When Kletschka heard a song that triggered memories of the Vietnam War, he briefly went upstairs and returned holding something behind his back, which C.K. suspected was a gun. E.K. and C.K. fled. Kletschka followed them onto the porch, where he fired two shots toward them. Police officers found E.K. and C.K. hiding behind a building approximately one block from Kletschka's home. Other officers arrested Kletschka outside his home.

The state charged Kletschka with five offenses: (1) second-degree attempted murder, in violation of Minn. Stat. § 609.19, subd. 1(1) (2012); (2) second-degree assault with a dangerous weapon, in violation of Minn. Stat. § 609.222, subd. 1 (2012); (3) second-degree assault with a dangerous weapon, in violation of Minn. Stat. § 609.222, subd. 1; (4) ineligible person in possession of a firearm, in violation of Minn. Stat. § 609.165, subd. 1b(a) (2012); and (5) reckless use of a dangerous weapon, in violation of Minn. Stat. § 609.66, subd. 1(a)(1) (2012). The complaint also alleged that Kletschka had been convicted of second-degree assault in 1986.

2

In April 2015, Kletschka appeared before the district court and expressed his intention to plead guilty pursuant to a plea agreement. The prosecutor articulated the parties' agreement as follows:

> This is the agreement as it sits right now. There will be a guilty plea to Count 2, Second Degree Assault, and that specifically deals with victim [C.K.]. The remaining counts would be dismissed. Defendant is free to argue for a departure at the time of sentencing. And any other conditions or terms should be left to the court subject to argument.

Kletschka did not object to the prosecutor's recitation of the plea agreement, and he acknowledged that he understood the agreement. Kletschka entered a *Norgaard* plea based on his lack of recollection of the pertinent facts. *See State ex rel. Norgaard v. Tahash*, 261 Minn. 106, 110 N.W.2d 867 (1961). The district court accepted the plea.

In October 2015, Kletschka appeared before the district court for sentencing. The state requested a 60-month prison sentence, which the prosecutor noted is "the presumptive sentence . . . due to [Kletschka's] prior conviction." The state introduced various exhibits concerning the 1986 conviction, including a complaint, a guilty-plea petition, and a sentencing order. Kletschka moved for a downward dispositional departure on the ground that his commission of the offense was related to mental-health and alcohol issues that could be addressed in probation. Kletschka called three witnesses to testify on his behalf: his wife, E.K., and a psychologist who performed psychological testing on him. After all the evidence had been submitted, the district court noted that it was obligated to impose a 60-month sentence because of the statutory mandatory-minimum sentence and Kletschka's prior conviction. The district court nonetheless considered the factors relevant to a

3

sentencing departure and concluded that, if the court had discretion to consider the matter, a departure would be inappropriate. The district court imposed a 60-month prison sentence. Kletschka appeals.

## D E C I S I O N

Kletschka argues that the district court erred by imposing a 60-month sentence. The statute on which the district court relied provides as follows:

> [A]ny defendant convicted of an offense listed in subdivision 9 in which the defendant or an accomplice, at the time of the offense, had in possession or used, whether by brandishing, displaying, threatening with, or otherwise employing, a firearm, shall be committed to the commissioner of corrections for not less than three years, nor more than the maximum sentence provided by law. *Any defendant convicted of a second or subsequent offense in which the defendant or an accomplice, at the time of the offense, had in possession or used a firearm shall be committed to the commissioner of corrections for not less than five years*, nor more than the maximum sentence provided by law.

Minn. Stat. § 609.11, subd. 5(a) (2012) (emphasis added).

In this case, Kletschka was convicted of second-degree assault with a dangerous weapon. The list of offenses in subdivision 9 of section 609.11 includes second-degree assault. *Id.*, subd. 9. The district court made a finding of fact at sentencing that Kletschka used a firearm during the commission of the present offense, and that finding is supported by the evidence in the record. The district court also made findings of fact that Kletschka was convicted of second-degree assault in 1986 and that Kletschka used a firearm in the commission of that offense. In light of its findings of fact, the district court was required

4

to impose a 60-month prison sentence. *See id.*, subds. 5(a), 9; *State v. Mayl*, 836 N.W.2d 368, 371-72 (Minn. App. 2013), *review denied* (Minn. Nov. 12, 2013).

Notwithstanding this straightforward application of the law to the facts of this case, Kletschka argues that the district court erred by imposing a 60-month prison sentence.

**A.**

Kletschka contends that the mandatory-minimum statute does not apply on the ground that the state breached the parties' plea agreement when it submitted the prior conviction to the district court at sentencing and requested a mandatory-minimum sentence.

"'[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'" *State v. Brown*, 606 N.W.2d 670, 674 (Minn. 2000) (alteration in original) (quoting *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 499 (1971)). If the prosecutor breaches a plea agreement, a district court "may allow withdrawal of the plea, order specific performance, or alter the sentence if appropriate." *Id.* "But a plea agreement calling for an unauthorized sentence cannot be specifically enforced." *Id.* "In determining whether a plea agreement was violated, courts look to what the parties to [the] plea bargain reasonably understood to be the terms of the agreement." *Id.* (alteration in original) (quoting *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985)). This court applies a *de novo* standard of review to the interpretation of a plea agreement. *James v. State*, 699 N.W.2d 723, 728 (Minn. 2005); *Brown*, 606 N.W.2d at 674.

Kletschka contends that he bargained for a 36-month sentence, which would have been the statutory minimum in the absence of a prior conviction, and was planning to move for a downward departure, but that the state "essentially nullified any downward departure argument" by bringing his prior conviction to the attention of the district court and requesting a statutory mandatory-minimum sentence of 60 months. Kletschka contends that the state's actions in seeking a mandatory 60-month sentence cannot be reconciled with the plea agreement. Kletschka contends that the terms of the plea agreement "must be fulfilled." *See Santobello*, 404 U.S. at 262, 92 S. Ct. at 499. He requests that this court reduce his sentence to 36 months to fulfill the terms of the plea agreement.

Kletschka's contention fails because he has not identified any term of the parties' plea agreement that was breached by the state. The plea agreement articulated by the prosecutor on the record at the plea hearing consists of only three terms. First, Kletschka agreed to plead guilty to count 2. Second, the state agreed to dismiss the remaining counts. And third, the state agreed that Kletschka would be "free to argue for a departure at the time of sentencing." All three of those obligations were satisfied: Kletschka pleaded guilty to count 2, the state dismissed the remaining counts, and Kletschka was permitted to argue for a downward dispositional departure at sentencing. The parties did not agree on a particular sentence, did not agree that the statutory mandatory minimum would be 36 months, and did not agree that the state would not offer evidence of the 1986 prior conviction. If Kletschka and his trial attorney had wanted to ensure a different result, they should have negotiated a different plea agreement or objected to the prosecutor's recitation

6

of the plea agreement. Kletschka's contention that the state breached the plea agreement is without merit.

Even if Kletschka could establish a breach of the plea agreement, he would encounter an additional obstacle. As noted above, if the state breaches a plea agreement, a district court "may allow withdrawal of the plea, order specific performance, or alter the sentence if appropriate." *Brown*, 606 N.W.2d at 674. "But a plea agreement calling for an unauthorized sentence cannot be specifically enforced." *Id.* In this case, Kletschka does not seek withdrawal of his guilty plea; rather, he asks this court to reduce his sentence to 36 months, *i.e.*, to order specific performance. In light of the caselaw, we cannot grant him the relief he seeks. *See id.*

Thus, Kletschka is not entitled to a reduced sentence on the ground that the state breached the parties' plea agreement.

**B.**

Kletschka also contends that the mandatory-minimum statute does not apply on the ground that his prior conviction is not a qualifying prior conviction for purposes of the statute, for two reasons.

First, Kletschka contends that the 1986 prior conviction is too stale, having occurred 30 years before he committed the present offense. Kletschka acknowledges that "[r]emoteness is not addressed in Minn. Stat. 609.11, subd. 5." He nonetheless contends that "it is a logical factor to be addressed" and that it "needed to be considered and evaluated in regards to whether the prior conviction . . . represented a qualifying prior conviction." Kletschka cites no caselaw in support of his contention.

The plain language of the mandatory-minimum statute requires a sentence of at least five years for "[a]ny defendant convicted of a second or subsequent offense in which the defendant . . . , at the time of the offense, had in possession or used a firearm." Minn. Stat. § 609.11, subd. 5(a). The statute does not place any temporal limits on the prior conviction that is necessary for a determination that a defendant has committed a "second or subsequent offense." *Id.* The absence of any such limitation indicates that any prior conviction of an offense listed in subdivision 9 that involved the possession or use of a firearm is sufficient to trigger the mandatory-minimum sentence, regardless when the defendant committed the prior offense. Thus, Kletschka's prior conviction is a qualifying conviction for purposes of the mandatory-minimum statute, even though he committed the prior offense approximately 30 years before committing the present offense.

Second, Kletschka suggests that the state did not introduce evidence at the sentencing hearing that is sufficient to establish that he was convicted of an offense that is listed in subdivision 9 of section 609.11. In fact, the record of the sentencing hearing contains multiple sources of evidence that establish the nature of the prior conviction. The sentencing record includes a plea petition, which states, "I will enter a plea of guilty to an amended charge of 2nd Degree Assault." The 1986 sentencing order confirms that Kletschka was convicted of second-degree assault. In addition, the complaint alleging that offense alleged that Kletschka used a firearm during the commission of the offense. Furthermore, Kletschka's wife testified in detail at the sentencing hearing in this case that Kletschka used a firearm in the commission of the prior offense. This evidence supports the district court's finding that Kletschka has a qualifying prior conviction that makes the

present offense a "second or subsequent offense in which the defendant . . . , at the time of the offense, had in possession or used a firearm." *See* Minn. Stat. § 609.11, subd. 5(a). Thus, the district court was required to impose the statutory mandatory-minimum sentence.

In sum, the district court did not err by sentencing Kletschka to 60 months of imprisonment.

**Affirmed.**